EL PUEBLO DE PUERTO RICO, peticionario, *v.* RAÚL MENA PERAZA y JOSÉ LUIS BASORA GIL, acusados y recurridos.

*Número:* O-82-323      *Resuelto:* 30 de junio de 1982

*Justo Gorbea Varona,* Procurador General Interino, y *Miguel A. Santana Bagur,* Procurador General Auxiliar, abogados de El Pueblo; *José Torres Ortiz* y *Joaquín Monserrate Matienzo,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

A solicitud del Estado y mediante orden de mostración de causa examinamos la juridicidad de la desestimación decretada por el Tribunal Superior, Sala de San Juan, de las acusaciones formuladas contra Raúl Mena Peraza y José Luis Basora Gil basadas en el Art. 166 del Código Penal —apropiación ilegal agravada— al alegadamente apoderarse durante los años 1977 y 1978 de $166,590 entregados a

la Advisors Mortgage Corporation y destinados a saldar primeras hipotecas que gravaban las propiedades de diversas personas.

## I

La fiel solución del caso exige una breve exposición de sus antecedentes procesales. Se celebró vista preliminar el 24 de febrero de 1981 y se determinó causa probable por dicho delito grave. Oportunamente se presentaron las respectivas acusaciones. El acto de lectura se efectuó el 25 de marzo de 1981. Diez días después los acusados alegaron ser no culpables. El 16 de octubre —casi siete (7) meses después— presentaron una moción para desestimar bajo la Regla 64(p) de Procedimiento Criminal, aduciendo como fundamentos: (1) ausencia de prueba sobre la apropiación; y (2) imputación de delito menos grave porque la conducta criminal alegada se rige por la Ley Núm. 97 de 5 de junio de 1973, según enmendada, denominada Ley de Instituciones Hipotecarias, 7 L.P.R.A. sec. 1051 *et seq.* El Ministerio Fiscal se opuso argumentando que la petición era tardía y además que, aun cuando la ley especial de instituciones hipotecarias definía como práctica prohibida las actuaciones de los acusados, 7 L.P.R.A. sec. 1061, —y las tipificaba como delito menos grave— tales actos estaban comprendidos en el Art. 166 del Código Penal, ante lo cual, en virtud del Art. 63 [1] de dicho cuerpo, podía castigarse con arreglo a cualquiera de dichas disposiciones.

El tribunal de instancia rechazó el primer argumento —insuficiencia de la prueba— pero acogió el segundo y desestimó a base del siguiente razonamiento:

Surge claramente de los hechos imputados en la acusación que ellos pueden dar lugar para que un magistrado pueda

---

[1] Como veremos, este artículo, que trata sobre el concurso de delitos, no es aplicable a la situación de autos, pues, según aclaramos en *Pueblo* v. *Millán Meléndez,* 110 D.P.R. 171, 177 (1980), el mismo "proscribe *la imposición de varios castigos* por la comisión de un acto u omisión penable de distintos modos por diferentes disposiciones penales". (Énfasis en el original.)

determinar que existe causa probable para el delito por el cual se acusó a los imputados en este caso. Pero esos mismos hechos también pueden dar base para la determinación de causa por otro delito, en este caso el de violación a la Ley de Instituciones Bancarias [*sic*], Ley 97 del 5 de junio de 1973, según enmendada, Artículo 7[A] (7 L.P.R.A. sección 1057(a)(5) y/o (7)), que lee:

"Prácticas prohibidas. . .

Ningún *concesionario* podrá:

. . . (5) Retener indebidamente, salvo pacto en contrario, cualquier suma de dinero y/o documento relacionado con una transacción o el no informar a un cliente sobre su derecho o sobre cualquier suma de dinero y/o documento parte de una transacción.

. . . (7) Incurrir en desfalco y/o malversación de fondos bajo su custodia."

El violar estas disposiciones se considerará delito menos grave según dispone el Artículo 11 de la misma ley, (7 L.P.R.A. sección 1061).

Es norma legal y jurisprudencial que cuando existen dos leyes que regulan una misma situación de hechos, una general y una especial, ha de aplicarse la especial, Artículo 5 del Código Penal de 1974, según enmendado, (33 L.P.R.A. Sección 3005). *Pueblo* v. *López*, 106 D.P.R. 584 (1977).

Por las razones antes expuestas el Tribunal declara con lugar la moción de desestimación bajo el amparo de la Regla 64(p) de Procedimiento Criminal. (Énfasis suplido.)

Como resultado de ese decreto ordenó el archivo y sobreseimiento definitivo de los casos al estimar que no procedía la presentación de una nueva acusación por haber prescrito los delitos menos graves —Regla 66 de Procedimiento Criminal— al transcurrir en exceso el período de un (1) año desde las fechas en que los hechos imputados se cometieron (1ro de noviembre de 1977 y febrero de 1978) y la determinación original de causa probable en 10 de febrero de 1980.

Art. 78(b) y 79 del Código Penal. 33 L.P.R.A. secs. 3412(b) y 3413, y la Regla 64(m) de Procedimiento Criminal.

Se impone la revocación de la sentencia.

## II

■ Es correcta la posición del Ministerio Fiscal de que la moción de desestimación bajo la Regla 64(p) fue promovida tardíamente y que el transcurso del tiempo constituyó y debió interpretarse como una renuncia al planteamiento. Una solicitud de este tipo es un "remedio que sólo puede concederse a petición del acusado, y de no solicitarlo, *se declara renunciado*". (Énfasis suplido.) *Pueblo* v. *Tribunal Superior*, 104 D.P.R. 454, 458 (1975). A tal efecto la Regla 63 prescribe que salvo las defensas privilegiadas de falta de jurisdicción o que no se imputa un delito, ". . . cualquier defensa u objeción susceptible de ser determinada sin entrar en el caso en su fondo *se deberá promover mediante moción presentada al hacerse alegación de no culpable o antes de alegar*, pero el tribunal podrá permitir por causa justificada la presentación de dicha moción *dentro de un período posterior razonable*". (Énfasis suplido.) *Cf. Pueblo* v. *Tribunal Superior*, 94 D.P.R. 59, 63 (1967).

■ En el caso de autos los acusados no alegaron ni demostraron la existencia de causa válida que justificara la tardanza de más de seis (6) meses. El tribunal sentenciador no se manifestó expresamente. Su actuación en entender en la misma sólo es compatible con un criterio de que existía causa justificada. Sin embargo, no hemos detectado indicio alguno que nos permita coincidir con ese enfoque. Un término de más de seis (6) meses, ausentes circunstancias excepcionales, no es razonable. Constituyó un abuso de discreción. *Pueblo* v. *Garrick*, 105 D.P.R. 178, 183 (1976).

## III

■ Ahora bien, independientemente de que la tardanza en producir la moción fuera justificada, en sus méritos, no

puede prevalecer la tesis de que a los acusados les aplica y beneficia la ley especial sobre instituciones hipotecarias. Aunque la ilustrada sala sentenciadora expone correctamente la doctrina prevaleciente sobre la dinámica funcional en el ámbito de la teoría del concurso penal en la dimensión del principio de especialidad —según consignado en lo pertinente en el Art. 5 del Código, a saber, "[s]i la misma materia fuera prevista por una ley o disposición especial y por una ley o disposición de carácter general, se aplicará la ley especial en cuanto no se establezca lo contrario" (33 L.P.R.A. sec. 3005)— la aplica erróneamente. Nos explicamos.

Primeramente, como afirma Jiménez de Asúa, si bien el principio de especialidad puede alterar la clasificación del delito y, por ende, la gravedad o benignidad de la pena, "no siempre aparecen con idéntica claridad las cuestiones planteadas". *Tratado de Derecho Penal*, 2da ed., Buenos Aires, Ed. Losada, 1950, T.II, pág. 546. Así ocurre en el caso de autos.

El ámbito de la Ley de Instituciones Hipotecarias, tal y como sugiere su título, tiene como fin la reglamentación por el Estado de esta actividad financiera a través del Secretario de Hacienda. Cubre el otorgamiento de licencias y su revocación, requisitos necesarios, observancia de normas, deberes, restricciones, prácticas prohibidas y penalidades, de aquellas instituciones o individuos cuyo negocio principal y servicio sea, directamente o como intermediarios, originar, financiar, cerrar, vender y administrar préstamos hipotecarios sobre bienes inmuebles. Art. 1(b)(6). 7 L.P.R.A. sec. 1051(b)(6). Su aplicación y cubierta surge en virtud de la licencia que se le expide a una persona designada *concesionario*, que según el estatuto "significará individuos, sociedades, asociaciones, fideicomisos, *corporaciones* y cualesquiera otras entidades jurídicas dedicados a la concesión de préstamos hipotecarios para financiar o

refinanciar la adquisición de bienes inmuebles". Art. 1(b)(1), 7 L.P.R.A. sec. 1051(b)(1). En la fase operacional de las prohibiciones y prácticas específicas de retener indebidamente dinero, incurrir en desfalco o malversar fondos contempladas(²) en el Art. 7A, 7 L.P.R.A. sec. 1057a(5) y (7), la figura central y sujeto del derecho es el concesionario, que puede ser persona natural o jurídica. Nuestro ordenamiento penal reconoce, y hace penalmente responsable, a las personas jurídicas, pero ello ". . . no excluye la [responsabilidad] individual en que puedan incurrir los componentes, dirigentes o representantes de las personas jurídicas o de las asociaciones no incorporadas que participen en el hecho delictuoso". Art. 37 (33 L.P.R.A. sec. 3174). Cuando el concesionario es una corporación —como en este caso, Advisors Mortgage Corp.— sus funcionarios y empleados, independientemente del cargo o posición que ocupen, en teoría no son los sujetos objeto de la ley especial. Es la corporación. Existe entonces un claro desdoblamiento de la cobertura y aplicación del precepto de ley. Como consecuencia, no podemos sostener que los acusados, como personas e individuos distintos a la entidad jurídica corporativa, sean los concesionarios a quienes les cobija la ley especial. Parafraseando nuestra decisión en *Pueblo* v. *López Pérez*, 106 D.P.R. 584, 587 (1977), ". . . para que sean de aplicación los preceptos relativos a la Ley [de Instituciones Hipotecarias] es preciso que del análisis final de toda la prueba surja que el acusado tenía licencia de [concesionario]".

■ Recapitulando. Ninguno de los acusados gozaba de la condición de concesionario. Ese atributo correspondía a la entidad jurídica Advisors Mortgage Corp. No pueden invocar, por tanto, las disposiciones de la ley especial para lograr desestimar las acusaciones por apropiación ilegal

---

(²)No se cuestiona que la retención indebida de dinero, el desfalco y la malversación de fondos son conductas penables bajo el delito de apropiación ilegal agravada estatuido en el Art. 166 del Código Penal. Véase: *Pueblo* v. *Uriel Álvarez*, 112 D.P.R. 312 (1982).

agravada. Éstas ciertamente no están prescritas. Por razón del sujeto, la disposición especial no puede subsumir la ley general.

*Se dictará sentencia en que se revoque la del Tribunal Superior, Sala de San Juan, y se devolverá el caso para trámites compatibles con lo resuelto.*

El Juez Asociado Señor Díaz Cruz emitió voto concurrente en el resultado al cual se une el Juez Asociado Señor Dávila. El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión.

—O—

Voto concurrente del Juez Asociado Señor Díaz Cruz al que se une el Juez Asociado Señor Dávila.

Concurro en el resultado por entender que la cuestión tiene su solución simple en el Art. 63 del Código Penal, 33 L.P.R.A. sec. 3321, que al limitar su prohibición de doble castigo por el mismo acto u omisión deja en entera libertad al ministerio público para elegir el precepto penal bajo el cual procesar al acusado, si está en posesión de los elementos de prueba para sostener la acusación.