EL PUEBLO DE PUERTO RICO, demandante y peticionario, *v.* ÁNGEL PÉREZ CASILLAS y OTROS, demandados y recurridos.

*Número:* CE-85-566      *Resuelto:* 22 de mayo de 1986

382

*William Fred Santiago,* Fiscal Especial Independiente, abogado de El Pueblo; *William Marini Román,* abogado del recurrido Nelson González Pérez.

El JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Nuevamente nos toca resolver controversias judiciales relacionadas con los sucesos del Cerro Maravilla. *Pueblo* v. *González Malavé*, 116 D.P.R. 578 (1985); *Romero Barceló* v. *Hernández Agosto*, 115 D.P.R. 368 (1984); *Peña Clos* v. *Cartagena Ortiz*, 114 D.P.R. 576 (1983); *Soto* v. *Srio. de Justicia*, 112 D.P.R. 477 (1982). En esta ocasión debemos resolver si a las personas que se les imputa haber declarado como ciertos hechos esenciales conociendo su falsedad, al declarar bajo juramento ante una comisión del Senado de Puerto Rico, pueden ser procesadas por haber infringido el Art. 225 del Código Penal, 33 L.P.R.A. sec. 4421, que define y establece las penas del delito de perjurio. (1)

El Fiscal Especial Independiente, bajo los poderes que le confiere la Ley Núm. 1 de 18 de enero de 1985, sometió varias denuncias por violación al Art. 225 del Código Penal, en

---

(1) El Art. 225 del Código Penal de 1974 (33 L.P.R.A. sec. 4421) dispone que:

"Toda persona que habiendo jurado testificar, declarar, deponer o certificar la verdad ante cualquier tribunal, organismo, funcionario o persona competente, en cualesquiera de los casos o procedimientos en que la ley permitiera tomar tal juramento, declare ser cierto cualquier hecho esencial, conociendo su falsedad o declare categóricamente sobre un hecho esencial cuya certeza no le conste, será sancionada con pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de cuatro (4) años.

"También incurrirá en perjurio toda persona que bajo las circunstancias establecidas en el párrafo anterior, prestare dos o más testimonios, declaraciones, deposiciones o certificaciones irreconciliables entre sí. En este caso será innecesario establecer la certeza o falsedad de los hechos envueltos.

"Cuando una persona declarare incurriendo en perjurio y dicha declaración tuviere como consecuencia la convicción y reclusión del acusado, establecido este hecho, se considerará como delito agravado de perjurio a los fines de la imposición de la pena, la cual será de reclusión por un término fijo de nueve (9) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de quince (15) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) años."

el Tribunal de Distrito, Sala de Utuado, contra los imputados Ángel L. Pérez Casillas, Jaime L. Quiles Hernández, Nelson González Pérez, Luis Reverón Martínez, Rafael Moreno Morales, Rafael Torres Marrero, Juan Bruno González, William Colón Berríos, José Ríos Polanco, Nazario Mateo Espada y Carlos Santiago Borrero. El Tribunal de Distrito desestimó los cargos de perjurio, por no imputar éstos delito. Actuó a tenor con lo dispuesto en la Regla 64(a) de Procedimiento Criminal. De su resolución escrita se desprenden los siguientes fundamentos en apoyo de su dictamen. Invocando el principio de especialidad, según consignado en el Art. 5 del Código Penal, 33 L.P.R.A. sec. 3005; (²) *Pueblo v. Mena Peraza*, 113 D.P.R. 275 (1982); *Pueblo v. López Pérez*, 106 D.P.R. 584 (1977), resolvió que la ley especial contenida en los Arts. 33 y 34 del Código Político, 2 L.P.R.A. secs. 153 y 154, es la aplicable en los casos donde un testigo incurre en perjurio ante un organismo legislativo. El Art. 34 del Código Político establece que cuando un testigo en una declaración incurre en perjurio ante un organismo legislativo, se castigará con arreglo a las penalidades que fija el Art. 33 del Código Político. Allí se dispone que la persona incurrirá en un delito menos grave que aparejará una pena de no más de $1,000 ni menos de $100 o cárcel por no más de doce meses ni menos de un mes, o ambas penas. En estos casos el Presidente de la Cámara o el Senado certifica una relación de hechos, la cual será entregada al Secretario de Justicia, quien tendrá el deber de formular las acusaciones correspondientes ante el Tribunal Superior, Sala de San Juan.

Habiendo resuelto que en los presentes casos la ley aplicable es el Código Político, pasó a analizar las denuncias a tenor con el principio de legalidad consagrado en el Art. 8 del

---

(²) "Si la misma materia fuera prevista por una ley o disposición especial y por una ley o disposición de carácter general, se aplicará la ley especial en cuanto no se establezca lo contrario."

Código Penal, 33 L.P.R.A. sec. 3031.(³) Resolvió que como el Art. 34 del Código Político no define el delito de perjurio en una declaración ante un organismo legislativo, el Estado está privado de instar acción penal por hechos ocurridos en tales circunstancias. Resolución Tribl. Dist. de 29 de agosto de 1985. Apéndices, pág. 88.

Por vía de *dictum* añadió que el Art. 225 del Código Penal tipifica el perjurio cometido ante un "organismo", pero no define lo que esto constituye. Interpretó dicho término como excluyente de los "organismos legislativos".

Los anteriores razonamientos del magistrado se basaron en su concepción del principio de interpretación restrictiva de los estatutos penales. Adujo que cualquier duda debe resolverse a favor de los acusados. Citó a *Mari Bras* v. *Alcaide*, 100 D.P.R. 506 (1972); *Meléndez* v. *Tribunal Superior*, 90 D.P.R. 656 (1964); *El Pueblo* v. *Benítez et al.*, 19 D.P.R. 246 (1913).

Expedido el auto de *certiorari* por el Tribunal Superior, Sala de Utuado, acordamos revisar directamente por vía del auto de certificación. Regla 53.1(c) de Procedimiento Civil. Resolvemos que los imputados pueden ser procesados por el delito de perjurio, según tipificado en el Art. 225 del Código Penal de 1974.

I

*El perjurio en Puerto Rico*

Al aprobarse el Código Penal de 1902 se adoptó el delito de perjurio. El Art. 117 establecía como delito la conducta de una "persona que, habiendo jurado testificar, declarar, deponer ó certificar la verdad ante *cualquier tribunal, funcionario ó persona competente*, en cualquiera de los casos en que la ley

---

(³)"No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido por la ley como delito, ni se impondrán penas o medidas de seguridad que la ley no hubiere previamente establecido."

permitiere tomar tal juramento, declarare ser cierto cualquier hecho esencial, conociendo su falsedad". (Énfasis suplido.) Estatutos Revisados y Códigos de Puerto Rico, 1902, pág. 548. (⁴)

---

(⁴) El profesor Miró Cardona nos refiere a los orígenes del delito:

"h) En el Derecho Romano, los dos puntos más importantes con respecto al delito de referencia son las XII Tablas y la 'Ley Cornelia de Falsis'. La primera castigaba al 'testigo falso' con la muerte, haciéndole arrojar desde la roca Tarpeya. ('Si quis falsum testimonio dixesit, sexo Tarpeio praeceps deijiciture'). La Ley Cornelia de Falsis castigaba a quien recibía dinero para abstenerse de deponer o para hacerlo falsamente. Realizado el Perjurio en causa por Homicidio, la pena era la de muerte; y, en otros casos, la de 'confiscación de bienes' y la 'deportación', si el culpable era hombre libre. Para el esclavo la pena inevitable era la de muerte.

"i) A partir de entonces, en todas partes y en todas las legislaciones, se impuso al testigo la obligación de prestar su declaración bajo juramento, como un deber religioso de cumplimiento inexcusable, cuyo quebranto imprimía carácter sacrílego al testimonio. Ello daba lugar a dos circunstancias distintas y contradictorias: (a) rigor excesivo en las penalidades, porque la violación del juramento implicaba 'ofensa a Dios, testigo de su fidelidad en lo que aseguraba y en lo que prometía; pero juez y vengador de su infidelidad, si cometiere perjurio'; y, (b) la impunidad del testigo al falsear la verdad, cuando su declaración se realizaba sin la previa prestación del juramento.

"j) Al evolucionar el Procedimiento y el sistema de las pruebas tasadas se llega a la conclusión de que 'falsear la verdad' ofende a la Justicia humana, no a la divina. Se sanciona el hecho, pero se configura el delito de 'Falso Testimonio', en el que carece de valor jurídico el juramento del testigo.

"k) Uno y otro delito tienen un origen común: la necesidad de garantía de veracidad. En el 'Perjurio' se sanciona el hecho porque implica quebrantar el juramento prestado. En el 'Falso testimonio' se sanciona el hecho por desfigurar la verdad.

"l) La razón es obvia. La prestación del testimonio en el proceso penal moderno tiene el carácter de prestación obligada y necesaria, vinculada a la función soberana de la Jurisdicción perteneciente al Estado, que no puede tener en cuenta las convicciones religiosas del testigo. En su virtud, el Estado tiene el derecho de exigir del deponente la información cierta de los hechos que se esclarecen en Juicio por conocerlos o por haber asistido a la producción de los mismos. Para el Estado representa un derecho exigible; para el testigo, una obligación indeclinable." (Escolios omitidos y énfasis suprimido.) J. Miró Cardona, *Borrador y notas explicativas al proyecto del Código Penal*, San Juan, 1972, págs. 366–368.

■ La Ley Núm. 41 de 9 de marzo de 1911 (33 L.P.R.A. sec. 430 *et seq.*), creó un castigo sumario adicional al que por el delito de perjurio estaba previsto en el Código Penal de 1902. S. P. Amadeo, *El poder de los tribunales para castigar por desacato*, Madrid, Ed. Rev. Der. Privado, 1961, págs. 100–102. Este delito, conocido como desacato por perjurio en corte abierta, ha seguido vigente, aun después de aprobarse el Código Penal de 1974. Dispone el estatuto lo siguiente:

Si durante la vista de cualquier caso ante el Tribunal de Distrito o el Tribunal Superior de Puerto Rico, compareciere un testigo y prestare juramento o afirmación de decir verdad ante dicha Corte, en cualesquiera casos en que se prestare dicho juramento o afirmación, y después de prestado, intencionalmente y contrario al mismo, declarare como cierta cualquier cosa substancial que el testigo sabe que es falsa o que no es verdad, será culpable de perjurio; y si dicho juramento o afirmación se prestare en corte abierta y se violare en la forma expresada en la presente, entonces dicho testigo será culpable de desacato a la Corte y castigado según se dispone más adelante en esta Ley. Si el juez que preside en dicho caso quedare convencido, en cualquier caso pendiente ante su Corte, de que un testigo, después de haber prestado juramento o afirmación, según se dispone por la ley, de decir la verdad en cualquier asunto pendiente ante la Corte, es culpable de perjurio según se define en la presente, será entonces deber de dicho juez, ante quien se celebrare el juicio, ordenar, y por la presente se le faculta para que ordene, a moción propia, el arresto y detención del ofensor; y dictará una orden que se notificará a dicho ofensor para que comparezca y explique las razones que tuviere por las cuales no deba ser castigado por desacato a la Corte. El acusado, dentro del plazo que la Corte fijare, presentará su defensa contra dicha citación, la Corte oirá las declaraciones de la acusación y de la defensa, y después de practicadas las pruebas, pronunciará sentencia en el caso. Si de las declaraciones prestadas, que se tomarán por escrito, la Corte queda convencida de que la persona citada como se ha dicho ha sido culpable de perjurio, será entonces el deber de la Corte castigar a dicha persona como por desacato a ella, y la pena por dicho desacato será

la de multa que no exceda de cien dólares, o encarcelamiento en la cárcel del distrito por un término que no exceda de tres meses, o ambas penas a discreción del juez ante quien se celebre el juicio del caso. Cualquier persona condenada en el Tribunal de Distrito tendrá el derecho de apelar para ante el Tribunal Superior, como en cualquier otra causa criminal; y en caso que el desacato se cometiere originalmente en el Tribunal Superior, la persona condenada en dicho Tribunal Superior tendrá el derecho de apelar al Tribunal Supremo. 33 L.P.R.A. sec. 430.

La naturaleza sumaria y la intención de no suplantar el delito definido en el Código Penal, quedó plasmado en las Secs. 2 y 3 de dicha ley. 33 L.P.R.A. secs. 431–432. (⁵) Véanse al respecto análisis del Profesor Amadeo, *op. cit.*, págs. 100–102; *Pueblo* v. *Aquino,* 33 D.P.R. 255 (1924); *El Pueblo* v. *Fourquet,* 17 D.P.R. 1077 (1911). A pesar del carácter sumario de este delito, hay que probar la culpabilidad del acusado más allá de duda razonable y hay que darle una oportunidad al testigo de informarse de los cargos y de presentar sus defensas. *Pueblo* v. *Ortiz Padilla,* 102 D.P.R. 736 (1974); *Pueblo* v. *Marrero Méndez,* 95 D.P.R. 605 (1967); *Pueblo* v. *Marchany,* 61 D.P.R. 699 (1943).

En conclusión, cuando el perjurio se comete en corte abierta, el testigo perjuro puede ser procesado bajo la Ley de 1911 (33 L.P.R.A. secs. 430, 431) o bajo el Art. 117 del Código Penal de 1902. Nunca hemos resuelto que la ley especial de 1911 suplantó las disposiciones del Código Penal. (⁶) Ese es

---

(⁵)"La facultad que por la presente se da al juez de cualquier corte para castigar como desacato cualquier perjurio cometido en corte abierta, no ha de entenderse en el sentido de quitar a las cortes el poder y la facultad de castigar por perjurio según lo dispuesto en otros estatutos y leyes de Puerto Rico, siendo el propósito de esta Ley el tratar de manera sumaria los casos de perjurio que se cometieren en corte abierta, siempre que la falsedad del testimonio sea manifiesta para el juez de la corte." 33 L.P.R.A. sec. 431.

(⁶)*Quaere,* si puede ser procesado bajo ambas disposiciones. S. P. Amadeo, *El poder de los tribunales para castigar por desacato,* Madrid, Ed. Rev. Der. Privado, 1961, pág. 100, esc. 15.

el estado de derecho en cuanto al perjurio cometido ante los tribunales de justicia.

En lo que concierne a la Rama Legislativa los Arts. 33 y 34 del Código Político de 1902 proveían lo siguiente:

*Art. 33.*—Si algún testigo descuidare de cumplir dicha citación, ó se negare á comparecer ó á declarar, el Consejo Ejecutivo ó Cámara de Delegados podrá, mediante resolución que se hará constar en actas, dictar contra él mandamiento de prisión por desacato.

*Art. 34.*—Todo testigo que descuidare de comparecer en acatamiento de la citación ó se negare á hacerlo podrá ser arrestado por el macero y conducido ante el Consejo Ejecutivo ó Cámara de Delegados. Para proceder á dicho arresto bastará una copia de la resolución del Consejo ó de la Cámara, firmada por el presidente y refrendada por el Secretario respectivo.

La Ley Núm. 100 de 23 de junio de 1955, enmendó dichos artículos y adicionó el 34-A (2 L.P.R.A. secs. 153, 154 y 154a). El legislador estableció un procedimiento para castigar a aquel que comete perjurio en una declaración ante un organismo legislativo. 2 L.P.R.A. sec. 154, párr. 2. Al igual que cuando se sigue el procedimiento sumario de la Ley de 1911 (33 L.P.R.A. sec. 430), si se seguía el procedimiento establecido en el Art. 34 del Código Político, *supra,* las penalidades equivalían a las de un delito menos grave, Art. 33 del Código Político, *supra.*

Posteriormente se inició el proceso de reforma del Código Penal, que culminó con la aprobación de un nuevo cuerpo legal en 1974. El Proyecto del Código Penal de 1967 trataba el delito de perjurio en la siguiente forma:

*Art. 283. Perjurio [—Juramento]*

Toda persona que habiendo jurado testificar, declarar, deponer o certificar la verdad ante cualquier tribunal, funcionario o persona competente, en cualesquiera de los casos en que la ley permitiera tomar tal juramento, declarare ser cierto cualquier hecho esencial, conociendo su falsedad o decla-

rare categóricamente sobre un hecho esencial cuya certeza no le conste, será reprimido con pena de reclusión hasta cuatro años.

También incurrirá en perjurio toda persona que bajo las circunstancias establecidas en el párrafo anterior, prestare dos o más testimonios, declaraciones, deposiciones o certificaciones irreconciliables entre sí. En tal caso será innecesario establecer la certeza o falsedad de los hechos envueltos.

*Art. 284.* [—]*Forma y definición de juramento*

La palabra juramento empleada en el artículo anterior comprende una afirmación, así como toda otra forma de confirmar la verdad de lo que se declara.

No se exigirá forma especial alguna de juramento o afirmación. Se usará la forma que el testigo tuviere por más obligatoria o solemne.

*Art. 285.* [—]*Defensas no admisibles*

No se admitirá como defensa en ninguna causa por perjurio:

(a) La circunstancia de haberse prestado o tomado el juramento en forma irregular.

(b) El hecho de que el acusado carecía de aptitud para dar el testimonio o hacer la deposición o certificación.

(c) El hecho de que el acusado ignoraba la importancia de la declaración falsa hecha por él; o que ésta en realidad no afectara la causa de la cual se diere. F. Pagán Rodríguez, *Proyecto del Código Penal para Puerto Rico,* New Hampshire, Ed. Equity, 1967, págs. 97–98.

Nótese que en este proyecto, a cargo del Dr. Francisco Pagán Rodríguez, se mantuvo sustancialmente la definición de perjurio del Art. 117 del Código Penal de 1902 antes citado.

Es en el proyecto del Código Penal de 1974 que se incluyó el término "organismo" dentro de la definición del delito. Como hemos visto, desde 1955 el legislador había incluido la palabra o término "organismo legislativo" al referirse al perjurio ante la Asamblea Legislativa, en el párr. 2 del Art. 34 del Código Político.

■ El Director Ejecutivo del Consejo para la Reforma de Justicia, Hon. Antonio Negrón García, al comparecer ante la Comisión de lo Jurídico de la Cámara de Representantes, en vista pública el 12 de junio de 1974, depuso lo siguiente:

. . . El precepto recoge en forma sustancial la definición que de dicho delito nos brinda el artículo 117 del Código Penal vigente.

Sin embargo, deseo destacar las siguientes características, no sólo *se hace extensivo el delito de perjurio a toda persona que ha jurado afirmar la verdad ante los Tribunales sino que se hace extensivo la situación a cualquier organismo; entendiéndose por organismo todo tipo de institución que a la luz del desarrollo del Derecho administrativo moderno, pues tiene funciones legislativas, cuasi-legislativas o cuasi-adjudicativas.* (Énfasis suplido.)

■ Si tomamos en consideración que el deponente y los legisladores ya conocían que en el párr. 2 del Art. 34 se incluían a las comisiones legislativas dentro del concepto de "organismo legislativo", forzoso es concluir que en la definición y explicación del término "organismo" estaban incluidas las Comisiones del Senado y la Cámara de Representantes. Sería absurdo extender solamente el término a los organismos clásicos, reconocidos en el Derecho Administrativo y excluir aquellos que tienen la función legislativa por excelencia, a saber, el Senado, la Cámara de Representantes y las Asambleas Municipales.

Consistentemente hemos reconocido los amplísimos poderes que tienen la Legislatura y sus Comisiones. *Hernández Agosto* v. *Ortiz Montes*, 115 D.P.R. 564 (1984) ; *Romero Barceló* v. *Hernández Agosto*, supra; *Peña Clos* v. *Cartagena Ortiz*, supra. Pecaríamos de inconsistentes y le rendiríamos un flaco servicio al principio de separación de poderes, si acogiéramos la interpretación altamente restrictiva del Tribunal de Distrito, Sala de Utuado y de los imputados. En vez de reconocer las facultades legislativas, estaríamos coartando y limitando seriamente sus funciones si le concedemos un trato dis-

394

tinto a los testigos que declaran bajo juramento ante un organismo legislativo y aquellos que declaran en un proceso judicial o en una vista ante una agencia administrativa. No hay razón válida o lógica para tal clasificación. Por el contrario, sería ilógico llegar al resultado propuesto. Además, estaríamos descartando, por fíat judicial, la clara intención legislativa al aprobar el Art. 225 del Código Penal de 1974. La interpretación que adoptamos cumple con los principios de legalidad estatuidos en el Art. 8 del Código Penal, 33 L.P.R.A. sec. 3031.

■ Resolvemos que constituye perjurio, punible bajo el Art. 225 del Código Penal vigente, declarar ante una comisión legislativa sobre la certeza de un hecho esencial, conociendo su falsedad.

## II

*Principio de especialidad*

Al archivar los cargos, el magistrado asignado al Tribunal de Distrito, Sala de Utuado, se apoyó en el Art. 5 del Código Penal, 33 L.P.R.A. sec. 3005, el cual dice:

Las disposiciones de este Subtítulo se aplicarán también a los hechos previstos por las leyes penales especiales.

Si la misma materia fuera prevista por una ley o disposición especial y por una ley o disposición de carácter general, se aplicará la ley especial en cuanto no se establezca lo contrario.

Hasta tanto se proceda a enmendar las leyes penales especiales de conformidad con el sistema de sentencia determinada, los delitos graves estatuidos en éstas aparejarán pena de reclusión por un término fijo igual a tres quintas partes de la pena máxima establecida para estos delitos. De mediar circunstancias agravantes, esta pena podrá ser aumentada hasta el máximo de la pena establecida; de mediar circunstancias atenuantes, podrá ser reducida hasta dos quintas partes de la pena máxima establecida para el delito.

Sostuvo el tribunal que el Código Político es la ley especial aplicable en los casos de perjurio ante un organismo legislativo y que como el Código Penal no ha derogado los Arts. 33 y 34 del Código Político, es bajo esas disposiciones que únicamente debieron haberse formulado los cargos en este caso. Erró.

■■■ En principio, corresponde al Poder Ejecutivo el deber constitucional de cumplir y hacer cumplir las leyes. Constitución del Estado Libre Asociado de Puerto Rico, Art. IV, Sec. 4. "De ordinario la comparecencia y representación del Estado recae sobre el Secretario de Justicia. Éste directamente, o a través de sus fiscales, tiene la misión y representación del Estado en todos los casos criminales." *Pueblo* v. *González Malavé*, supra, pág. 584.

Por excepción a esta norma general, el Art. 34 del Código Político, 2 L.P.R.A. sec. 154, establece un procedimiento para comenzar un proceso criminal contra cualquier testigo que voluntariamente rehúse declarar, comparecer, producir algún documento solicitado, o que cometa perjurio al declarar ante la Asamblea Legislativa, cualquiera de las Cámaras, o cualquier comisión, subcomisión o comité, con relación a cualquier asunto bajo su investigación.

■■■ Estas disposiciones tienen el propósito de proteger el poder inherente de la Rama Legislativa de llevar a cabo investigaciones que puedan servir de base para legislación futura, facultad inseparable de la de legislar, *Peña Clos* v. *Cartagena Ortiz*, supra, pág. 587, y para ejercitar sus funciones de "fiscalizar el gobierno, debatir asuntos de interés general e informar al país sobre la marcha de la cosa pública", *Romero Barceló* v. *Hernández Agosto*, supra, pág. 375, facultades que no están subordinadas a la de legislar. Ibíd. En *McGrain* v. *Daughtery*, 273 U.S. 135 (1927), se resolvió por la Corte Suprema de Estados Unidos, que aun en ausencia de legislación aplicable, el cuerpo legislativo tenía poder inhe-

rente para citar y compeler la comparecencia de un testigo mediante el poder de desacato cuando su testimonio es pertinente a una investigación legislativa válida. Este poder es necesario para que el cuerpo legislativo pueda desempeñar sus funciones investigativas adecuadamente, pues para poder obtener la información necesaria tiene que tener el poder de citar testigos, compeler su comparecencia y declaración, y el de poder concederle inmunidad y utilizar el proceso coercitivo de desacato para obligar a los testigos recalcitrantes, de éstos negarse a declarar al reclamar su derecho a no incriminarse. Este poder legislativo está reconocido estatutariamente en el Código Político, Arts. 31–35 (2 L.P.R.A. secs. 151–155).

El propósito de estas disposiciones es crear un procedimiento mediante el cual los cuerpos legislativos puedan comenzar un procedimiento por desacato contra un testigo recalcitrante, sin que sea necesario depender de que la Rama Ejecutiva decida instar o no el proceso. Una vez se sigue el proceso establecido, se impone la obligación, no discrecional, al Secretario de Justicia para que éste acuda al Tribunal Superior, Sala de San Juan, para formular acusación criminal por incumplimiento de la orden o para invocar el poder de desacato civil del tribunal para hacer cumplir sus órdenes. (⁷) Secs. 154 y 154 (a), *supra*.

Estos estatutos cumplen con el objetivo constitucional de promover el adecuado balance y equilibrio entre las tres ramas de gobierno mediante el sistema de peso y contrapeso, para evitar la indebida acumulación de poderes en una sola

---

(⁷) Aunque el Art. 34 del Código Político, 2 L.P.R.A. sec. 154, impone el deber al cuerpo legislativo de certificar al Secretario de Justicia un relato de los hechos en caso de incumplimiento o perjurio por un testigo citado, debe entenderse que en cuanto al Poder Legislativo es discrecional el presentar la certificación al Secretario de Justicia. Véase *Wilson* v. *United States,* 369 F.2d 198 (D.C. 1966).

rama. (⁸) El nombramiento de un fiscal independiente, que no dependa del Poder Ejecutivo, para que éste realice la investigación y comience los procesos criminales contra aquellos funcionarios que puedan haber violado la ley responde a esa visión.

Las disposiciones del Código Político cumplen con este propósito de independencia de criterio en el poder legislativo de investigar sin que sea necesaria la discreción ejecutiva para compeler a un testigo a declarar. De nada sirve el poder de obtener información si no se acompaña con la exigencia de que se declare la verdad. Es con este propósito que el Art. 34 del Código Político provee también un procedimiento para que los cuerpos legislativos puedan requerir al Secretario de Justicia que presente acusaciones por perjurio contra testigos que han declarado ante los cuerpos legislativos. Esta disposición sólo provee un proceso diferente mediante el cual los cuerpos legislativos pueden comenzar una acusación por perjurio sin que esto dependa de la discreción ejecutiva.

La ley impone un deber ministerial al Secretario de presentar las acusaciones una vez se cumple con el proceso dispuesto y su cumplimiento puede exigirse por auto de *mandamus*. La existencia de este procedimiento especial dirigido a atacar un mal específico en nada afecta el poder constitucional de la Rama Ejecutiva de velar por el cumplimiento de la ley. El hecho de que la Legislatura se niegue a procesar a un testigo que ha cometido perjurio al declarar ante uno de sus cuerpos no priva al Poder Ejecutivo de su deber y autoridad de procesar a todo aquel que comete un delito público. Resolvemos que el delito de perjurio, Art. 225 del Código Penal, es la ley sustantiva que aplica tanto a los procesos comenzados por los cuerpos legislativos a tenor con lo dispuesto en el Có-

---

(⁸) Véase *Banco Popular, Liquidador* v. *Corte,* 63 D.P.R. 66, 71–72 (1944).

digo Político, como cuando la acusación es presentada por la Rama Ejecutiva. En nuestro sistema criminal de justicia, el Poder Ejecutivo tiene una amplia discreción para acusar, y ésta no puede depender de si otra rama de gobierno quiere presentar o no acusación por la comisión de un delito público.

■ El Fiscal Especial Independiente, por lo tanto, puede iniciar procedimientos criminales bajo el Art. 225 del Código Penal sin que sea necesario cumplir con lo dispuesto por el Código Político, lo que es sólo aplicable cuando es la Rama Legislativa la que comienza los procedimientos de desacato o perjurio.

El procedimiento estatuido en el Código Político tuvo el propósito de fortalecer el Poder Legislativo ante un posible caso de inacción por parte del Poder Ejecutivo, pero no el de tornar impotente el Poder Ejecutivo ante la posible inacción del Poder Legislativo. Esta interpretación fortalece la separación de poderes y crea un balance adecuado entre los Poderes Ejecutivos y Legislativos. En este caso en particular, la Legislatura, mediante el P. del S. 13 aprobado y firmado por el Gobernador, convirtiéndose en Ley Núm. 1 el 18 de enero de 1985, se le confirió expresamente al Fiscal Especial Independiente autoridad para iniciar y conducir todos los procedimientos correspondientes para procesar aquellos funcionarios públicos envueltos en conducta impropia o ilegal con relación a la investigación de los sucesos del Cerro Maravilla. Se le confirió jurisdicción exclusiva al Fiscal Especial Independiente para investigar e iniciar contra estos funcionarios acciones penales, civiles, administrativas y de conducta profesional.

■ No es correcta la alegación de que el principio de especialidad requiere que se siga siempre el procedimiento establecido en el Código Político, pues éste sólo aplica cuando es la Rama Legislativa la que inicia las acciones criminales por perjurio. Para que sea de aplicación el principio de especialidad se requiere que existan dos leyes que regulen en

aparente conflicto la misma materia. "El conflicto se resuelve en tales casos, *en ausencia de determinación legislativa expresa de otra índole*, mediante el principio de la especialidad el cual establece que en circunstancias de esta naturaleza la disposición especial es la aplicable." (Énfasis suplido.) *Pueblo* v. *López Pérez*, supra, pág. 586. El principio de especialidad es una norma para interpretar la intención legislativa.

En este caso, como hemos indicado anteriormente, la ley que creó el cargo de Fiscal Especial Independiente expresamente le autorizó para iniciar y conducir todas las acciones criminales contra funcionarios públicos con relación a la investigación y los sucesos del Cerro Maravilla. Aun en ausencia de esta intención legislativa expresa, no sería de aplicación el principio de especialidad que ocurre cuando "dos leyes o dos disposiciones legales se hallan en relación de general y especial, cuando los requisitos del tipo general están todos contenidos en el especial, en el que figuran además otras condiciones calificativas a virtud de las cuales la ley especial tiene preferencia sobre la general en su aplicación". L. Jiménez de Asúa, *La ley y el delito: principios de Derecho penal*, 12da ed., Buenos Aires, Ed. Sudamericana, 1981, pág. 146. Como hemos visto, el Art. 34 del Código Político no es una ley penal especial sustantiva que tipifique un delito diferente al de perjurio estatuido en el Art. 225 del Código Penal. El Art. 34 del Código Político sólo provee un mecanismo independiente mediante el cual la Rama Legislativa puede iniciar acciones criminales por el delito de perjurio. Es por esto que el Art. 34 del Código Político no define el delito de perjurio, pues está definido en el Código Penal, Art. 225.

En resumen, no se da aquí la coexistencia de un delito general y uno especial aplicables a una misma acción punible, donde el delito especial contiene elementos adicionales no incluidos en el general, que requiera la aplicación de la ley especial. *Cf. Pueblo* v. *Mena Peraza*, supra; *Pueblo* v. *López*

*Pérez*, supra. Aquí el delito de perjurio estatuido en el Art. 225 del Código Penal es el único aplicable. Éste derogó el delito menos grave que existía en el Art. 33 del Código Político. Sin embargo, repetimos, no afectó el procedimiento previsto en el Art. 34, *supra*.

## III

El planteamiento de que el Fiscal Especial Independiente carece de facultad para radicar los casos de perjurio es claramente inmeritorio. Se parte de la premisa errónea, ya rechazada, de que sólo procedían cargos bajo los Arts. 33 y 34 del Código Político.

Finalmente, ninguno de los imputados nos ha puesto en condiciones de emitir juicio sobre el planteamiento de que el Art. 35 del Código Político, 2 L.P.R.A. sec. 155, es inconstitucional por no conceder inmunidad absoluta. No surge de los autos que se hubiera solicitado, como condición previa a declarar, la concesión de tal inmunidad o una derivativa.

No se ha derrotado la presunción de validez del estatuto ni demostrado que se haya infringido la disposición constitucional sobre la protección contra la autoincriminación, *Batalla* v. *Tribunal de Distrito*, 74 D.P.R. 289 (1953). La protección no se extiende al testimonio perjuro. *United States* v. *Apfelbaum*, 445 U.S. 115, 63 L. Ed.2d 250 (1980).
*Conclusión.*

Por las razones antes expuestas, *se dictará sentencia que revoque la resolución del Tribunal de Distrito, Sala de Utuado, de 29 de agosto de 1985, y se devolverán los casos a dicho foro para que se continúe con los procedimientos.*

La Juez Asociada Señora Naveira de Rodón se inhibió.