ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br><br>V.<br><br>RICHIE PAGÁN VÉLEZ<br><br>Recurrido | KLCE202400997 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: 11TR202300160<br><br>Sobre:<br>Ley 22 Art. 7.02 |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 18 de octubre de 2024.

Comparece ante nos el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico (en adelante, apelante o Pueblo de Puerto Rico), mediante recurso de *"Certiorari"*, el cual acogemos como apelación, por tratarse de un dictamen que provee finalidad a una controversia. Figueroa v. Del Rosario, 147 DPR 121, 126-127 (1998). Sin embargo, conservaremos la designación alfanumérica asignada para propósitos administrativos.

Nos solicita que revoquemos la determinación del Tribunal de Primera Instancia, Sala de Mayagüez (en adelante TPI), dictada el 10 de julio de 2024. Mediante esta, el TPI sustituyó la pena de cárcel dispuesta en el Artículo 7.04(b)(2) de la Ley de Vehículos y Tránsito de Puerto Rico, 9 LPRA sec. 5204, por treinta días de restricción domiciliaria.

Número Identificador

SEN2024 _____

Por los fundamentos que expondremos a continuación, expedimos el auto y *revocamos*.

**I.**

Surge del expediente que, por un evento de 22 de julio de 2023, el apelado Richie Pagán Vélez fue sentenciado a treinta (30) días de restricción domiciliaria, suspensión de la licencia de conducir, y se le impuso una pena de multa. Ello, por ser convicto en una *segunda ocasión* por infracción al Artículo 7.02 de la Ley de Vehículos y Tránsito de Puerto Rico, *supra*.

En su recurso, el Pueblo de Puerto Rico alega que el foro primario abuso de su discreción e impuso una pena no contemplada por nuestra Asamblea Legislativa para el delito cometido. Alegó que la ley solo le brinda discreción al foro sentenciador en cuanto a los días de cárcel que se le impondrán al convicto, más no permite ni contempla sustituir la pena de cárcel por una de restricción domiciliaria.

El apelante incluyó como parte del apéndice, la Resolución que emitió el foro primario el 16 de agosto de 2024, en la que denegó su pedido, luego de solicitar una reconsideración de la sentencia dictada. También acompañó la Sentencia emitida el 10 de julio de 2024 en el caso criminal I1TR202300160.

Recibido el recurso asignado como *Certiorari*, le concedimos al apelado hasta el 27 de septiembre de 2024, para presentar su posición. No obstante, este no compareció en el término dispuesto, por lo que se tendrá el recurso por perfeccionado para la decisión de este tribunal sobre el Auto solicitado.

**II.**

**A. Apelación**

Como es sabido, las Reglas 193 y 194 de Procedimiento Criminal, 34 LPRA Ap. II, R. 193 y 194, disponen que una apelación criminal se formalizará con la presentación de un escrito ante un foro de mayor jerarquía. Pueblo v. Arlequín Vélez, 194 DPR 871, 876 (2016); Pueblo v. Rodríguez Meléndez, 150 DPR 519, 522 (2000).

Este derecho, tanto en Puerto Rico como en la jurisdicción federal, *es uno de carácter estatutario, no constitucional*. No importa la gravedad de la ofensa, un acusado convicto no tiene un derecho constitucional a apelar su convicción. Pueblo v. Valentín Rivera, 197 DPR 636, 638 (2017); Pueblo v. Esquilín Díaz, 146 DPR 808, 814 (1998).

A diferencia de los recursos de *certiorari*, las apelaciones proceden como cuestión de derecho, por lo que este Tribunal viene obligado a considerar sus méritos, a menos que carezca de jurisdicción o que la parte promovente incurra en craso incumplimiento con la ley y con las reglas que regulan su perfeccionamiento, falta de diligencia o frivolidad. Feliberty v. Sociedad de Gananciales, 147 DPR 834, 837-838 (1999). De manera reiterada, nuestro Tribunal Supremo ha afirmado que la determinación de si se probó, o no, la culpabilidad del acusado a la luz de la referida carga probatoria es revisable en apelación, ello dado a que la apreciación de la prueba desfilada en un juicio es un asunto combinado de hecho y derecho. Pueblo v. Negrón Ramírez, 2024 TSPR 41, 213 DPR ____ (2024); Pueblo v. Irizarry, 156 DPR 780, 788 (2002).

### B. Principio de especialidad

El principio de especialidad es "una regla de interpretación estatutaria que toma en cuenta la relación de jerarquía en que se hallan las distintas normas que concurren en su aplicación a un hecho delictivo". Pueblo v. Plaza Plaza, 199 DPR 276, 285 (2017), que cita a Pueblo v. Ramos Rivas, 171 DPR 826, 836-837 (2011). Para que aplique este principio, "se requiere que existan dos leyes que regulen en aparente conflicto la misma materia". Pueblo v. Vega Feliciano, 203 DPR 868, 878-879 (2022); Pueblo v. Pérez Casillas, 117 DPR 380, 398-399 (1986). Cuando ello ocurre, "se aplica la ley especial bajo la máxima *lex specilais derogat legi genereali*, pues se parte del supuesto que la finalidad de una regulación especial es excluir o desplazar la general". (Énfasis nuestro). Pueblo v. Plaza Plaza*, supra*, págs. 285-286; Pueblo v. Cordero Meléndez, 193 DPR 701, 724 (2015); Pueblo v. Ramos Rivas, *supra*, pág. 837; Pueblo v. Hernández Villanueva, 179 DPR 872, 892 (2010).

Así, se ha reconocido que el principio de especialidad es una norma para interpretar la intención legislativa. Pueblo v. Pérez Casillas, *supra*, pág. 399. Este principio está consagrado en el Art. 9 del Código Penal de 2012, según enmendado, el cual dispone lo siguiente:

Cuando la misma materia se regula por diversas disposiciones penales:

**a) La disposición especial prevalece sobre la general.**

b) La disposición de mayor alcance de protección al bien jurídico absorberá la de menor amplitud, y se aplicará la primera.

c) La subsidiaria aplicará sólo en defecto de la principal, si se declara expresamente dicha subsidiaridad, o ésta se infiere. (Énfasis nuestro).

33 LPRA sec. 5009. Pueblo v. Galán Rivera, 196 DPR 270, 274 (2016).

El principio de especialidad determina cuál es la disposición penal que debe regir cuando aplica más de un precepto legal a una misma conducta delictiva, lo que impediría que una persona sea castigada por ambas disposiciones al mismo tiempo. De acuerdo a este principio, se debe aplicar la regulación especial sobre la general, excepto cuando la legislación disponga lo contrario. Pueblo v. Galán Rivera, *supra*, pág. 274; Pueblo v. Cordero Meléndez, *supra*, pág. 709.

Nuestro Tribunal Supremo de Puerto Rico ha dejado claro que "[l]a parte general del Código Penal aplicará a una situación regulada por una ley especial cuando ello sea necesario para suplir alguna laguna de esta última, sujeto como siempre a los principios generales del Derecho penal". (Énfasis nuestro). Pueblo v. Ramos Rivas, 171 DPR 826, 838 (2007).

### C. Ley 22 de Vehículos y Tránsito de Puerto Rico

La Exposición de Motivos de la Ley de Vehículos y Tránsito del año 2000, que derogó la Ley 141-1960, estableció entre las obligaciones más importantes del Estado, el promover y velar por la seguridad pública en todas sus variantes. Con este nuevo estatuto se responde a las necesidades del pueblo "*fortaleciendo las sanciones en cuanto a aquellas violaciones de ley que presentan grave riesgo a la seguridad pública*". Id. Pueblo v. Figueroa Pomales, 172 DPR 403, 422-423 (2007).

Cónsono con lo anterior, conducir un vehículo en estado de embriaguez y/o bajo los efectos de sustancias controladas representa un peligro para nuestra sociedad. Pueblo v. Martínez Landrón, 202 DPR 409, 417-418 (2019); Pueblo v Caraballo

Borrero, 187 DPR 265, 274 (2012); Pueblo v. Montalvo Petrovich, 175 DPR 932, 944 (2009); Pueblo v. Figueroa Pomales, *supra*, pág. 422. De esta manera, la Asamblea Legislativa ratificó la política pública a favor de la seguridad pública y tuvo el firme propósito de evitar muertes en las carreteras ocasionadas por conductores en estado de embriaguez. Pueblo v. Caraballo Borrero, *supra*.

En lo pertinente al caso que nos ocupa, el Art. 7.01 de dicho estatuto dispone que:

"Constituye la posición oficial y política pública del Gobierno de Puerto Rico que el manejo de vehículos de motor en las vías públicas bajo los efectos de bebidas embriagantes, drogas o sustancias controladas constituye una amenaza de primer orden a la seguridad pública y que los recursos del Estado irán dirigidos a combatir, en la forma más completa, decisiva y enérgica posible, con miras a la pronta y total erradicación, de esta conducta antisocial y criminal que amenaza las vidas y propiedades de todos los ciudadanos, así como la tranquilidad y la paz social."

Pueblo v. Figueroa Pomales, *supra*, pág. 423.

De acuerdo con ello, se declara ilegal y "constituirá delito menos grave que será sancionado de conformidad con las penas dispuestas en el Art. 7.04 de este capítulo el que cualquier persona bajo los efectos de bebidas embriagantes, drogas o sustancias controladas conduzca o haga funcionar cualquier vehículo, vehículo de motor, o vehículo todo terreno". 9 LPRA sec. 5201.

Por otra parte, el Art. 7.02 de la Ley 22 establece lo siguiente:

En cualquier proceso criminal por infracción a las disposiciones del Artículo 7.01 de esta Ley, aplicarán las siguientes normas con relación al nivel o concentración de

alcohol existente en la sangre del conductor al tiempo en que se cometiera la alegada infracción, según surja tal nivel o concentración del análisis químico o físico de su sangre, de su aliento, o cualquier sustancia de su cuerpo constituirá base para lo siguiente:

(a) Es ilegal per se, que cualquier persona de veintiún (21) años de edad, o más, conduzca o haga funcionar un vehículo de motor, cuando su contenido de alcohol en su sangre sea de ocho centésimas del uno por ciento (0.08/0) o más, según surja tal nivel o concentración del análisis químico o físico de su sangre o aliento.

[…]

En lo que respecta a las penalidades, el Art. 7.04 de la Ley 22 establece penas específicas que dependen del número de convicciones que posea la persona. En lo pertinente, este artículo dispone lo que sigue:

(a) Toda persona que viole lo dispuesto en los Artículos 7.01, 7.02 0 7.03 de esta Ley incurrirá en delito menos grave. …

(b) Si el nivel o concentración de alcohol en la sangre es de ocho centésimas del uno por, ciento (0.08%) o más… y la persona fuere convicta de violar lo dispuesto en los Artículos 7.01, 7:02 o 7.03 de esta Ley, será sancionada de la siguiente manera:

[…]

(2) **Por la segunda convicción**, con pena de multa de setecientos cincuenta (750) dólares, más cincuenta (50) dólares por cada centésima adicional sobre el límite de concentración de alcohol establecidas por ley, y **cárcel por un término de quince (15) a treinta (30) días** y pena de restitución, de ser aplicable.

[…]

(5) Habrá reincidencia cuando el que ha sido convicto y sentenciado por infracción a los Artículos 7.01, 7.02 o 7.03 de esta Ley, comete nuevamente una infracción a los Artículos mencionados, dentro de un término no mayor de cinco (5) años, contados desde la convicción.

### III.

El apelado argumentó que el foro primario abusó de su discreción al sustituir la pena de cárcel por una de restricción

domiciliaria. Sostuvo que el artículo 7.04(b)(2) de la Ley de Vehículos y Tránsito de Puerto Rico, *supra*, establecía una pena de reclusión de quince (15) a treinta (30) días por una segunda convicción, por violar el Artículo 7.02 de la ley mencionada.

Al observar detenidamente el expediente del recurso de *Apelación,* junto al derecho aplicable, concluimos que procede la revocación de la Sentencia.  Nos explicamos.

El foro sentenciador evaluó la totalidad de las circunstancias y determinó prudente sustituir la pena de reclusión por restricción domiciliaria. En específico, tomó en consideración la profesión del apelado, su red de apoyo familiar, entrevistas a su comunidad, y los hechos sucedidos el 22 de julio de 2023. Sin embargo, esto constituyó un abuso craso de discreción, por ser contrario a derecho, y en contravención del Artículo 7.04(b)(2) de la Ley de Vehículos y Tránsito de Puerto Rico, *supra*.

Surge del expediente que el señor Pagán Vélez tuvo una convicción previa de manejo de vehículo en estado de embriaguez, el 9 de enero de 2023, en el Tribunal de Primera Instancia, Sala de Cabo Rojo. A saber, el caso ante nos es la *segunda vez* en los últimos dos años que el apelado es convicto por infracciones a la Ley de Vehículos y Tránsito de Puerto Rico, *supra*, por guiar en estado de embriaguez.

El artículo 7.04(b)(5), *supra*, dispone que habrá reincidencia cuando el que ha sido convicto y sentenciado por dicha infracción la comete nuevamente, dentro de un término no mayor de cinco (5) años, contados desde la convicción. A su vez, el artículo 7.04(b)(2), *supra*, establece que, entre las penalidades que se le impondrá por una **segunda convicción**, el individuo *será ingresado a cárcel por un término de quince (15) a treinta (30) días*. Vemos que la misma dispone expresamente que la pena a

imponerse será de **cárcel**. Es decir, el juzgador tendrá la discreción de determinar la cantidad de días de pena de cárcel que le impondrá al convicto, mas no de sustituir la pena de reclusión por una de restricción domiciliaria.

Entendemos que el artículo 7.04, *supra*, dispone clara y taxativamente la pena contemplada por la Asamblea Legislativa en los casos de reincidencia como el que tenemos ante nuestra consideración. Al sustituir la pena de cárcel por una de restricción domiciliaria, el foro apelado no actuó conforme a derecho. Por lo antes expuesto, resolvemos que procede *revocar* y devolver al TPI para que emita una sentencia enmendada que cumpla con lo dispuesto en el citado artículo. El foro primario solamente tiene discreción para determinar el tiempo que deberá estar recluido en la cárcel, ello dentro del término de 15 a 30 días.

## IV.

Por los fundamentos antes expuestos, se *revoca* la Sentencia emitida. El Tribunal de Primera Instancia deberá resentenciar al apelado, conforme a la convicción por segunda infracción al Artículo 7.02 de la Ley de Vehículos y Tránsito de Puerto Rico, *supra*. Pueblo v. Montero Luciano, 169 DPR 360, 377 (2006).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones