UNIVERSIDAD DE PUERTO RICO, demandante y apelada, v. FLORENCIO MERCED ROSA, demandado y apelante.

Número: O-73-339    Resuelto: 20 de septiembre de 1974

*Ludmilia Rivera Burgos* y *Fermín Arraiza Miranda,* abogados del peticionario; *Myriam Naveira de Rodón, Procuradora General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de la Universidad de Puerto Rico.

PER CURIAM: El apelante hizo caso omiso de la orden de *injunction* que le prohibía entrar a los predios del recinto de Río Piedras de la Universidad de Puerto Rico. Convicto por desobediencia, se le sentenció por desacato criminal a la pena de 30 días de cárcel.

Tras cumplir varios días de la condena, radicó petición de hábeas corpus alegando la nulidad de la sentencia. En la vista del recurso se consideró el mismo como una moción bajo la Regla 192.1 de Procedimiento Criminal y atendida la impugnación del peticionario procedió el tribunal de instancia a dictar nueva sentencia condenándolo esta vez por desacato civil bajo el Art. 687 del Código de Enjuiciamiento Civil al pago de una multa de $100 ó en su defecto a cumplir un día de cárcel por cada dólar que dejare de pagar sin que la pena subsidiaria exceda de 90 días de prisión.

Examinados los autos del caso notamos que el escrito de apelación radicado el 3 de mayo de 1973 ante el tribunal de instancia no fue notificado a persona o parte alguna, ni el mismo aduce fundamento constitucional ni de otra índole en apoyo del recurso, surgiendo esta llamada apelación como un incidente dentro del pleito principal de *injunction*.

Considerada la apelación como una solicitud de *certiorari*, recurso apropiado para revisar las sentencias dictadas bajo la R.P.C. 192.1 y considerado el alegato del apelante como los fundamentos de su petición (*Viera* v. *Comisión Hípica*, 81 D.P.R. 707 (1960)), no ha lugar a la expedición del auto por las razones que pasamos a exponer.

■ En su recurso ante este Tribunal plantea el peticionario la falta de autoridad del juez sentenciador para enmendar la sentencia original de cárcel por ser ésta nula; y falta de jurisdicción en la Sala de instancia para sentenciarlo nuevamente toda vez que habiendo comenzado la extinción de la pena se hallaba el convicto fuera de la custodia judicial. Convenimos con el apelante en cuanto a la nulidad de la sentencia original, pues habiéndose dictado bajo las normas que regulan el desacato criminal, en la orden o mandamiento para su ejecución no se cumplieron las exigencias de la Sec. 519 del Título 33 de las Leyes de Puerto Rico Anotadas en cuanto a consignar en el mismo el acto o actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y circunstancias de la misma con especificación de los términos de la sentencia. *Coll Moya* v. *Alcaide Cárcel Municipal,* 89 D.P.R. 225, 233 (1963). Debemos señalar, no obstante, que la disposición citada se aplica tan sólo a los casos de desacato criminal como originalmente se clasificó el que nos ocupa. El desacato civil por desobediencia a un auto de *injunction* se castiga bajo el Art. 687 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 3533).

■ Ahora bien, la nulidad de la primera sentencia no es impedimento para resentenciar al encausado bajo la disposición de ley correcta, como así se deriva de la propia Regla 192.1 (b) de Procedimiento Criminal que concede al tribunal, entre otras alternativas, la de dictar una nueva sentencia. *González de Jesús* v. *Jefe Penitenciaría,* 90 D.P.R. 31 (1964). "Una sentencia nula podrá impugnarse mediante moción bajo 28 U.S.C.A. sec. 2255 [de ámbito equivalente a nuestra R.P.C. 192.1], y la corte podrá dejar sin efecto una sentencia válida cuando se haya tomado en cuenta un elemento impropio al dictarla. Si se anula la sentencia el convicto usualmente no es puesto en libertad sino resentenciado." Wright, *Federal Practice & Procedure,* Tomo 2, pág. 605, sec. 594.

Sostiene el apelante, basada en la decisión de *Santiago* v. *Jones*, 74 D.P.R. 617 (1953), que el tribunal al resentenciarlo en el caso de desacato actuó sin jurisdicción por hallarse extinguiendo la pena fuera de custodia judicial. El argumento pasa por alto que una vez cuestionada la validez de la sentencia por el recurrente mediante hábeas corpus([1]) y acogidas sus razones para anular la misma cesó el estado de custodia anterior y viene el tribunal obligado a dictar una nueva sentencia correcta. Bajo esta situación de hechos el tribunal tiene jurisdicción no sólo para resentenciar sino para aumentar la pena. *Pueblo* v. *Lozano Díaz*, 88 D.P.R. 834–840 (1963). La doctrina de *Santiago* v. *Jones*, citado, está limitada a aquellas sentencias libres de vicio o error que afecte su validez.

*No ha lugar a la solicitud del recurrente.*

---

([1]) El concepto de "custodia" como condición habilitadora para utilizar la R.P.C. 192.1 es análogo al de hábeas corpus. Wright, *Federal Practice & Procedure*, Tomo 2, pág. 617, sec. 596.