# 95 DTA 69

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL II - BAYAMON

JOSE ESPINA
Demandante, Peticionario

v.

JOSE BENERO Y OTROS
Demandados,-Recurridos

Núm. KLAN-95-00119

San Juan, Puerto Rico, a 26 de abril de 1995

Panel integrado por su presidenta, Juez Ramos Buonomo,
y los Jueces Cordero y Ortiz Carrión

Charles A. Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita la revisión de una resolución dictada por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Guaynabo, el día 13 de diciembre de 1994 y notificada a las partes al día siguiente, 14 de diciembre.

En su resolución el tribunal de instancia denegó la *"Moción Solicitando Sentencia Sumaria"* presentada por el demandante. Inconforme con dicha resolución el demandante solicitó mediante escrito titulado *"Apelación"* que se revoque la resolución del tribunal de instancia.

Hemos atendido el presente recurso de apelación como *certiorari*. Véase *U.P.R. v. Merced Rosa,* 102 D.P.R. 512, 513 (1974). Desestimamos el mismo por falta de cumplimiento estricto con el término de 30 días para la presentación de dicho recurso sin mediar circunstancias especiales debidamente sustentadas. Véase Regla 18 (B) (2) (b) Reglamento del Tribunal de Circuito de Apelaciones▮

### I

La demanda fue inicialmente presentada en el antiguo Tribunal de Distrito, Sala de San Juan, bajo el número 942294(503). Oportunamente se trasladó el caso al Tribunal de Primera Instancia, Subsección de Distrito de Guaynabo, bajo el número CD94-1102.

Se presentó la demanda el día 23 de febrero de 1994. Posteriormente, el día 6 de octubre de 1994, el demandante presentó *"Moción de Sentencia Sumaria",* la cual fue declarada *"No*

*ha lugar"* por el tribunal de instancia y notificada a las partes el día 14 de diciembre del mismo año.■ Nueve días más tarde, el 23 de diciembre de 1994, el demandante presentó *"Moción de Reconsideración"* a dicha resolución. El tribunal la declaró igualmente *"No ha lugar"* con fecha de 29 de diciembre de 1994.■ El día 10 de enero de 1995 el demandante presentó su *"Moción Solicitando Determinaciones de Derecho Adicionales"* y la misma fue declarada *"No ha lugar"*. Esta moción se presentó fuera del término de diez (10) días permitido por la Regla 43.3 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Apéndice III. ■ Al presentarse fuera de tiempo la Moción Solicitando Determinaciones Adicionales, ante el tribunal de instancia, no quedaron interrumpidos los términos para solicitar remedios posteriores permitido bajo la Regla 43.4, Reglas de Procedimiento Civil. Véase *Canales Velázquez v. Converse de Puerto Rico Inc.,* ___ D.P.R.___, (1992), **92 J.T.S. 9**, página 9148.

Finalmente, el día 2 de marzo de 1995, el demandante presentó su escrito de *"Apelación"* ante este Tribunal solicitando se revoque la resolución del tribunal de instancia del 14 de diciembre de 1994.

## II
La Regla 47, de las Reglas de Procedimiento Civil, señala que se podrá solicitar reconsideración a una resolución, orden o sentencia dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia. Esta moción de reconsideración no interrumpe el término para revisar excepto cuando es acogida por el tribunal. *Soc. De Gananciales v. A.F.F.,* 108 D.P.R. 644, 646 (1979). El término no será interrumpido en aquellos casos donde el tribunal no tome acción alguna con relación a la misma dentro de los diez (10) días de presentada la moción de reconsideración o cuando el tribunal rechaza con un mero no ha lugar dicha moción, sin oir a las partes. En este último caso, se tendrá la moción como rechazada de plano. *Rodríguez Rivera v. Autoridad de Carreteras,* 110 D.P.R. 184, 187 (1980). Por otro lado, la Regla 18(B)(2)(b) del Reglamento del Tribunal de Circuito de Apelaciones dispone lo siguiente:

*"El recurso de Certiorari de cualquier resolución, orden o providencia judicial de naturaleza interlocutoria dictada por el Tribunal de Primera Instancia para la cual no hubiere procedimiento específico en este Reglamento o en la Ley de la Judicatura deberá presentarse dentro de los treinta (30)días siguientes a la fecha de notificación de la resolución u orden. Este término es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de certiorari."*

También, nuestro Reglamento en su Regla 31 (C), provee a este Tribunal con un mecanismo que nos permite no aceptar escritos presentados fuera de término, a menos que medien circunstancias excepcionales.

A base de lo expresado anteriormente, es claro que el término para apelar o solicitar revisión no quedó interrumpido por la solicitud de reconsideración de la resolución. La misma fue rechazada de plano. Por lo tanto, los demandantes tenían que presentar su petición dentro de los treinta (30) días siguientes a la fecha de la notificación de la resolución a revisarse, cuyo término expiró el 13 de enero de 1995, o sea, treinta (30) días después del 14 de diciembre de 1994.

Por otro lado, el término para revisar no fue interrumpido por la moción *"Solicitando Determinaciones de Derecho Adicionales"*, ya que ésta fue presentada a destiempo, o sea, veintisiete (27) días después de la resolución del 14 de diciembre de 1994. Como explicamos anteriormente, una moción solicitando determinaciones de hechos y conclusiones de derecho adicionales, debe presentarse dentro del término de diez (10) días a partir de la notificación de la sentencia, Regla 43.3 de las Reglas de Procedimiento Civil, o de lo contrario no interrumpe

el término para solicitar remedios posteriores a la decisión. *Canales Velázquez v. Converse de Puerto Rico Inc., supra.* Al no presentarse dicha moción oportunamente, el transcurso del plazo de 30 días para interponer el recurso de *certiorari* era de estricto cumplimiento; a menos que mediaren circunstancias especiales debidamente sustentadas en la misma petición, cosa que el peticionario también omitió.

La presente solicitud fue presentada el día 2 de marzo de 1995, o sea, setenta y siete (77) días después de la notificación de la resolución a ser revisada. El término para solicitar el remedio posterior a dicha resolución nunca fue interrumpido. Por lo tanto, el escrito no se presentó dentro del término de cumplimiento estricto de treinta (30) días, según lo exige nuestro Reglamento en la Regla 18(B)(2)(b). Tampoco existen circunstancias especiales que le puedan dar vida al presente recurso. Procede disponer del presente escrito apoyándonos en la referida Regla 33(C) de nuestro Reglamento.

Finalmente, a tenor con la Regla 51(C) de nuestro Reglamento, procede imponerle sanciones al abogado del peticionario al incurrir éste en conducta constitutiva de falta de diligencia, en perjuicio de la eficiente administración de la justicia.

## III

Por los fundamentos antes expresados, no se acepta el presente escrito por haberse presentado fuera de tiempo. Además, se le impone al abogado del peticionario doscientos (200) dólares en sanciones que deberá pagar en la Secretaría del Tribunal de Primera Instancia, Subsección de Distrito, Sala de Guaynabo, bajo el caso civil número CD94-1102 y dentro de un término de diez (10) días, contados a partir de la notificación de esta sentencia. Además, deberá enviar evidencia del pago a este Tribunal dentro de un término de quince (15) días, contados también a partir de la notificación de esta sentencia. El Juez Cordero no hubiese impuesto sanciones.

Así lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 69**

**1.** Al determinar que el recurso ante nos se presentó fuera de tiempo, no es necesario la formalidad de cambiar el epígrafe del presente caso para hacer constar que se trata de un recurso de *certiorari* y no de apelación; rechazamos este escrito bajo el mecanismo de la Regla 33(C), Reglamento del Tribunal de Circuito de Apelaciones. Reiteramos que el recurrente se queja de una resolución interlocutoria emitida por el tribunal de instancia por lo que procede el recurso de *certiorari* y no el de apelación. Véase la Regla 18(A) y la Regla 14(A) de nuestro Reglamento.

**2.** A continuación, el texto de la resolución denegatoria de la moción solicitando sentencia sumaria:

*"A la **Moción Solicitando Sentencia Sumaria** radicada por la parte demandante: 'no ha lugar'; queda en controversia: (1) si los bienes objeto del contrato fueron entregados o no en su totalidad; (2) si fueron entregados, queda en controversia la fecha; (3) dependiendo de la fecha del recibo de las mercaderías por parte del demandado, queda en controversia si prescribió su acción para alegar defectos de calidad y cantidad; (4) queda en controversia vicios del consentimiento. Independientemente de cualquier otra controversia de hechos, las anteriores son suficientes para derrotar la solicitud de la parte demandante."* (véase *Colondres Vélez v. Bayrón Vélez*, 114 DPR 833).

**3.** A pesar de que el demandante no dice la fecha en que se declaró *"No ha lugar"* la Moción de Reconsideración, confirmamos con Secretaría del Tribunal de Instancia, de que dicha resolución se dictó el 29 de diciembre de

1994 y se notificó el 30 de diciembre de 1994. Es obvio que el demandante le hizo caso omiso a nuestra Regla 19(B)(2) que obliga al peticionario en su escrito ante este Tribunal hacer referencia a la fecha en que la decisión del tribunal de instancia fue dictada, y la fecha en que fue notificada.

**4.** Dispone así dicha regla:

*"No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación o revisión, pero a moción de parte, presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho adicionales correspondientes.... "*