EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN RAMÓN LÓPEZ PÉREZ, acusado y apelante.

*Número:* CR-76-149      *Resuelto:* 7 de diciembre de 1977

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El Ministerio Público acusó a Juan Ramón López Pérez de dos infracciones al Art. 8 de la Ley de Armas, Ley Núm. 17 de 19 de enero de 1951, 25 L.P.R.A. sec. 418. Después de recaer un veredicto de culpabilidad, se le sentenció a cumplir concurrentemente penas de tres a cinco años de presidio en cada caso. El apelante sostiene que debió condenársele bajo la Ley de Caza, Ley Núm. 374 de 11 de mayo de 1950, 12 L.P.R.A. sec. 1 *et seq.*

La prueba de cargo se limitó al testimonio del agente Oseas Torrens. Declaró el testigo que el 30 de marzo de 1974, un Jueves Santo, se encontraba prestando servicios junto a un sargento de la policía, ambos uniformados, por la carretera de Río Grande a Loíza. Alrededor de las dos y media de la tarde observó un vehículo de motor estacionado en el callejón de una finca de caña con parte de mangle. Junto al automóvil se hallaba el hermano del apelante a quien le preguntó el agente si tenía problemas. El individuo le manifestó que el

motor del vehículo no quería encender. El agente observó en el asiento trasero del automóvil dos escopetas e inmediatamente detuvo a los dos individuos, quienes vestían chaleco de cazador. Explicó el apelante que utilizaban las armas para cazar palomas. Las escopetas, admitió el agente, eran de las que se emplean para practicar el deporte de la caza.

■ El caso exige el examen de un interesante aspecto de la teoría del concurso. He aquí dos leyes regulando en aparente conflicto la misma materia. El conflicto se resuelve, en tales casos, en ausencia de determinación legislativa expresa de otra índole, mediante el principio de la especialidad, el cual establece que en circunstancias de esta naturaleza la disposición especial es la aplicable: *Lex specialis derogat legi generali*. Véase el Art. 5 del Código Penal de 1974, 33 L.P.R.A. sec. 3005.

■ Jiménez de Asúa, *Tratado de Derecho Penal*, Tomo II, vol. 2°, 2ª ed., 1950, pág. 546, describe así el funcionamiento del principio de la especialidad:

"Se dice que dos leyes o dos disposiciones legales se hallan en relación de general y especial, cuando los requisitos del tipo general están todos contenidos en el especial, en el que figuran además otras condiciones calificativas a virtud de las cuales la ley especial tiene preferencia sobre la general en su aplicación. Las dos disposiciones pueden ser integrantes de la misma ley o de leyes distintas: pueden haber sido promulgadas al mismo tiempo o en época diversa, y en este último caso, puede ser posterior tanto la ley general como la especial. Pero es preciso que ambas estén vigentes contemporáneamente en el instante de su aplicación, porque, en el supuesto contrario, no sería un caso de concurso, sino que presentaría un problema en orden a la ley penal en el tiempo."

Véanse, además, Puig Peña, *Derecho Penal*, 5ª ed., Tomo II, vol. 2°, 1959, pág. 314; Cuello Calón, *Derecho Penal*, 17ª ed., Tomo I, vol. 2°, pág. 687; Maurach, *Tratado de Derecho Penal*, 1962, págs. 442–443. El Art. 35 de la Ley de Armas

de Puerto Rico, 25 L.P.R.A. sec. 445, reconoce también el principio de la especialidad al proveer que:

"Las disposiciones de este Capítulo no se aplicarán a la . . . portación, conducción, transportación y uso de armas de caza y de tiro al blanco, para todo lo cual regirán las leyes vigentes sobre la materia."

■ Este artículo, no obstante, solo será de aplicación a aquellas situaciones en que el acusado pruebe como defensa que la conducta delictiva se desarrolló mientras se encontraba envuelto en la práctica autorizada del deporte de la caza. Además, para que sean de aplicación los preceptos relativos a la Ley de Caza es preciso que del análisis final de toda la prueba surja que el acusado tenía licencia de cazador, e inscrita el arma en cuestión en el Departamento de Agricultura y Comercio de Puerto Rico[1] (12 L.P.R.A. secs. 3(1) y 9). En este pleito el apelante no descargó adecuadamente el peso de la prueba.

■ En ausencia de error manifiesto, prejuicio, parcialidad o pasión, no existe fundamento en derecho para intervenir con la determinación del tribunal de instancia. *Pueblo v. Colón Obregón*, 102 D.P.R. 369, 372 (1974); *Pueblo v. Rivera Santiago*, 95 D.P.R. 584, 586 (1967).

*Se confirma la sentencia apelada.*

El Juez Asociado Señor Rigau no participó.

---

[1] Advertimos que en virtud de lo dispuesto en la Ley Núm. 70 de 30 de mayo de 1976, denominada "Ley de Vida Silvestre del Estado Libre Asociado de Puerto Rico", (12 L.P.R.A. sec. 81 *et seq.*), existe al presente la obligación de inscribir ante el Superintendente de la Policía las armas de caza, para lo cual es necesario la previa expedición de una licencia por el Secretario de Recursos Naturales.