# 95 DTA 152

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE Y AIBONITO
## PANEL I

EL PUEBLO DE PUERTO RICO
Recurrido

v.

NIEVES J. RAMOS HERNANDEZ
Imputados-Recurridos

Núm. KLCE-95-00271

San Juan, Puerto Rico, a 25 de mayo de 1995

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Córdova Arone, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En el caso de epígrafe se solicita que se revoque una resolución de la Juez, Hon. Eliadís Orsini Zayas del 4 de abril de 1995, declarando no ha lugar una moción de supresión de evidencia. En la vista evidenciaria, celebrada el 27 de marzo de 1995, la juez tuvo la oportunidad de escuchar el testimonio de los testigos, tanto de fiscalía como de la defensa. Luego de evaluar los testimonios, la juez concluyó que no procedía la supresión de evidencia solicitada. Resolvió que la moción de supresión de evidencia no procede al aceptar lo expresado por el agente Araid en la declaración jurada consonante con lo declarado en la vista evidenciaria.

En reiteradas ocasiones el Tribunal Supremo de Puerto Rico se ha expresado en relación con la deferencia que merecen las determinaciones de hechos de los Tribunales de Primera Instancia. El razonamiento detrás de esta norma es que son los jueces de primera instancia los que en mejor posición se encuentran para dirimir la credibilidad de los testigos que tienen ante ellos. Por ser tan numerosa la jurisprudencia que sostiene esta norma, incluimos sólo alguna a manera de ejemplo.

En el caso *Pueblo v. Bonilla Romero,* 120 D.P.R. 92 (1987), el Tribunal Supremo de Puerto Rico resolvió:

*"Una simple lectura de la transcrita disposición legal* ■ *es todo lo que se necesita para concluir que **el magistrado que presida una vista sobre supresión de evidencia al amparo de la citada Regla 234 efectivamente está facultado para adjudicar o dirimir credibilidad en la misma.** Ello es consecuencia lógica e inescapable de los términos en que está concebida dicha disposición legal. Si el tribunal está facultado para oír prueba "sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud" y uno de los fundamentos para declarar con lugar la misma precisamente lo es que "lo afirmado bajo juramento en la declaración [que sirvió de base para la expedición de la orden de allanamiento] es falso, total o parcialmente", resulta obvio que **el tribunal tiene el poder para adjudicar credibilidad en dicha vista.** "* (Enfasis suplido)

En cuanto la deferencia que le merece al tribunal apelativo las determinaciones del Tribunal de Primera Instancia añade más adelante el caso *Bonilla Romero* expresa:

*"Reiteradamente hemos resuelto que este Tribunal no intervendrá con la apreciación y adjudicación de credibilidad que en relación con la prueba testifical haya realizado el juzgador de los hechos a nivel de instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Dicha determinación, como es sabido, es merecedora de gran deferencia por parte del tribunal apelativo por cuanto es ese juzgador quien, de ordinario, está en mejor posición para aquilatar la prueba testifical desfilada ya que fue él quien oyó y vio declarar a los testigos. Pueblo v. Cabán Torres, 117 D.P.R. 645 (1986); Laureano Maldonado v. Tribunal Superior, ante."*

La doctrina citada en el caso *Bonilla Romero* ha sido sostenida por décadas por el Tribunal Supremo de Puerto Rico. Véase *Ortiz v. Cruz Pabón,* 103 D.P.R. 939 (1975); *Pueblo v. Millán Meléndez,* 110 D.P.R. 171 (1980); *Pueblo v. López Pérez,* 106 D.P.R. 584 (1977); *Pueblo v. Borrero Robles,* 113 D.P.R. 387 (1982); *Pueblo v. Meléndez Rodríguez,* ___ D.P.R. ___ (1994), **94 J.T.S. 103.**

No debemos pasar por alto que la Juez Orsini Zayas tuvo ante sí los testigos y estuvo en mejor posición para apreciar el comportamiento de éstos mientras prestaban sus declaraciones y la forma en que lo hicieron, además de la naturaleza del testimonio prestado. Tales determinaciones nos merecen gran deferencia.

No habiendo indicios de error manifiesto, pasión, prejuicio o parcialidad en el presente caso, no procede revocar la resolución recurrida.

Por los fundamentos antes expuestos, se deniega la petición de certiorari en el caso de epígrafe.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 152**

1. Se refiere a la Regla 234 de las de Procedimiento Criminal.