| El Pueblo de Puerto Rico | |
| --- | --- |
| Recurrido | Certiorari |
| v. | 2007 TSPR 138 |
| Myrna Ramos Rivas | 171 DPR _____ |
| Peticionaria | |

Número del Caso: CC-2004-968

Fecha: 29 de junio de 2007

Tribunal de Apelaciones:

Región Judicial de Humacao

Juez Ponente:

Hon. José Miranda De Hostos

Abogados de la Parte Peticionaria:

Lcdo. Rafael E. Rodríguez Rivera
Lcdo. José R. Roqué Velázquez

Oficina del Procurador General:

Lcda. Sariely Rosado Fernández
Procuradora General Auxiliar

Lcdo. Salvador Antonetti Sttus
Procurador General

Materia: Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.

                            CC-2004-968

Myrna Ramos Rivas

    Peticionaria

Opinión del tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 29 de junio de 2007

Nos corresponde determinar si una persona que ha sido convicta en varias ocasiones distintas por violaciones a la Ley de Sustancias Controladas, debe ser sentenciada en grado de reincidencia bajo las disposiciones del Código Penal de 1974 o bajo la disposición de reincidencia de la Ley de Sustancias Controladas.

**I**

Los hechos de este caso son relativamente sencillos y sobre los mismos no hay controversia alguna. Pasemos a resumirlos.

La peticionaria fue acusada en marzo de 1995, de posesión con intención de distribuir cocaína, lo que configura una violación al Art. 401 de la Ley de Sustancias Controladas, Ley Núm. 4 de 23 de junio de 1971, 24 L.P.R.A. sec. 2401. Ésta hizo alegación de culpabilidad por violación al Art. 406 de la Ley de Sustancias Controladas.[1] 24 L.P.R.A. sec. 2406. El Ministerio Público había alegado como agravante, inicialmente, reincidencia habitual. Posteriormente y por motivo de la declaración de culpabilidad enmendó la alegación de reincidencia a una de reincidencia agravada de acuerdo a lo provisto en Código Penal. La alegación de reincidencia obedeció a que la peticionaria había sido convicta en dos ocasiones anteriores por violaciones al Art. 404 de la Ley de Sustancias Controladas, posesión de sustancias controladas. 24 L.P.R.A. sec. 2404. El tribunal le impuso una pena de reclusión de veinte (20) años naturales conforme establece el Código Penal para la reincidencia agravada. Véase, Art. 62 del Código Penal de 1974.

Años mas tarde, en el 2004, la peticionaria compareció ante el tribunal sentenciador mediante una moción al amparo de las Reglas 185 y 192.1 de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, Reglas 185 y 192.1, donde

---

[1] El Art. 406 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2406, penaliza las tentativas o la conspiración para cometer cualquiera de los delitos tipificados en la ley. El artículo se refiere a los delitos bases cuya tentativa o conspiración se cometió para la imposición de la sentencia. En vista de lo cual, en este caso debemos referirnos al Art. 401, en lo que se refiere a la pena impuesta.

indicó que la sentencia impuesta era ilegal. Señaló que fue erróneo imponerle una sentencia en grado de reincidencia bajo las disposiciones del Código Penal toda vez que sus convicciones previas habían sido por violar la Ley de Sustancias Controladas, por lo que correspondía aplicar la disposición de reincidencia de dicha ley. Véase, 24 L.P.R.A. sec. 2401. Indicó que el principio de especialidad recogido en el Art. 5 del Código Penal, exigía la aplicación de las disposiciones de una ley especial por sobre las de la ley general, lo que no ocurrió en su caso. Arguyó además que bajo la Ley de Sustancias Controladas, la sentencia impuesta cualifica para las bonificaciones que se establecen en la Ley Orgánica de la Administración de Corrección. 4 L.P.R.A. secs. 1161-1163. Por el contrario, una sentencia en reincidencia bajo el Código Penal no cualifica para tal beneficio por disposición expresa de la ley. En vista de ello, la sentencia que cumple es a todas luces más onerosa que lo que debería ser.

Así las cosas, el foro primario le ordenó al Ministerio Público a que se expresara en torno a la solicitud de la señora Ramos Rivas. El Ministerio Público no compareció. El Tribunal de Primera Instancia proveyó no ha lugar a la solicitud de la peticionaria, sin mas.

Inconforme, la señora Ramos Rivas acudió ante el Tribunal de Apelaciones cuestionando, primero, que no se celebrara una vista para discutir la moción presentada y segundo, que no se acogiera su planteamiento respecto la

ilegalidad de la sentencia impuesta bajo el Código Penal. El 26 de agosto de 2004, el foro apelativo dictó una resolución negándose a expedir el auto solicitado. En la misma indicó, acogiendo un planteamiento del Procurador General, que la sentencia impugnada "es válida por estar dentro de los parámetros de la pena provistos para la reincidencia especial." Dispuso además que no era necesario la celebración de una vista por lo que no erró el foro primario al emitir su resolución en este caso.

En desacuerdo nuevamente la peticionaria acudió ante este Tribunal esgrimiendo los mismos fundamentos que había levantado ante el foro apelativo intermedio. Inicialmente, nos negamos a expedir el auto solicitado; pero, luego de una segunda reconsideración, expedimos. Las partes han comparecido por lo que estamos en posición de resolver y pasamos a así hacerlo.

## II

### A

En esencia, la peticionaria arguyó ante nosotros como lo ha hecho ante los foros inferiores, que por exigencia del principio de especialidad la sentencia con agravante que le fue impuesta es ilegal toda vez que se le sentenció bajo lo dispuesto en el Código Penal y no bajo la ley especial, como correspondía. Ello, como ya dijimos, resulta en una pena más onerosa en la medida que no cualifica para bonificaciones. Señaló también que el término adicional que tiene que cumplir

se torna en una "pena adicional" contrario al principio de legalidad.

El Procurador General en su comparecencia incorporó los planteamientos de su ponencia ante el Tribunal de Apelaciones, donde había argüido que "la sentencia impugnada es válida por estar dentro de los parámetros de la pena provistos para la reincidencia especial. [. . . y e]l que la sentencia haya sido impuesta en años naturales no implica que ésta esté fuera de los parámetros de la ley especial, toda vez que resulta válido imponer un sentencia en años naturales bajo el Art. 401." En su escrito ante este Tribunal arguyó que de ser correcto el planteamiento de la peticionaria, lo que procedería era la devolución del caso al foro de instancia para que la peticionaria fuera sentenciada nuevamente, no meramente como ella arguye, que se elimine de la sentencia el mandato de que ésta se cumpla en años naturales.

Así descrita, la controversia ante nuestra consideración plantea fundamentalmente un problema de interpretación estatutaria en el campo penal. Con ello en mente, pasemos entonces a auscultar los señalamientos traídos a nuestra atención, comenzando con un breve resumen de algunas de las disposiciones estatutarias involucradas.

**B**

Como indicamos inicialmente, la peticionaria fue acusada de violar el Art. 401 de la ley de Sustancias Controladas e hizo alegación de culpabilidad por violación al Art. 406 que

remite, en lo que respecta a la imposición de la pena, al Art. 401.  El Ministerio Fiscal alegó reincidencia agravada bajo las disposiciones de los Arts. 61 y 62 del Código Penal y el Tribunal de Primera Instancia dictó sentencia de veinte años naturales como ordena el Código Penal.

El Art. 61 del Código Penal de 1974 establecía los grados de reincidencia y las normas para su determinación. En tal sentido, éste enumeraba tres tipos de reincidencia: una simple, la agravada y la habitual.  La reincidencia agravada, la que nos ocupa, ocurre cuando "el que ha sido convicto anteriormente por dos o más delitos graves cometidos en tiempos diversos e independientes unos de otros incurre nuevamente en otro delito grave."  Art. 61 (2) del Código Penal.

Por otro lado, el Art. 62 del Código Penal disponía que un convicto de reincidencia agravada sería sentenciado "a pena fija de **veinte (20) años naturales** o al doble de la pena fija dispuesta por ley para el delito cometido con circunstancias agravantes, la que resulte mayor.  **En cualquier caso la pena será fijada en años naturales . . . ."** (Énfasis nuestro.)

La Ley de Sustancias Controladas de Puerto Rico, por su parte, es una legislación especial que comprende todo lo relativo a la fabricación, distribución y dispensación de sustancias controladas en Puerto Rico.[2]  La ley enumera

---

[2]  La profesora Nevares Muñiz, define ley especial como "aquélla que se refiere a determinada categoría de personas, bienes, cosas, relaciones jurídicas, o delitos.  La misma

también cierta conducta prohibida constitutiva de delito y provee específicamente para la pena a imponer en ocasión de incurrir en la conducta prohibida. La misma refleja el criterio del legislador sobre cuál deba ser la política pública prevaleciente para enfrentar el problema de la drogadicción y tráfico ilegal de drogas en Puerto Rico.

En tal rigor, el Art. 401 de la ley, no tan solo tipifica la conducta grave proscrita --la posesión con intención de distribuir de una sustancia controlada-- sino también provee para la pena a imponerse por incurrir en la misma. Allí se especifica cuál será la pena para un primer ofensor como también para quiénes repetidamente incurren en la conducta prohibida. Es decir, en el Art. 401 el legislador no solo plasmó el desvalor de la conducta, sino que procuró incluir además una serie de guías detalladas para sentenciar a los reincidentes por violaciones a la referida ley. A esos efectos, en lo que concierne al caso ante nosotros donde la peticionaria se declaró culpable de tentativa de poseer con intención de distribuir cocaína, el artículo dispone lo siguiente:

> [T]oda persona que viole lo dispuesto por el inciso
> (a) de esta sección . . . incurrirá en delito
> grave, y convicta que fuera será sentenciada con

---

opera sobre un objeto o sujeto determinado y tiene un propósito particular. Incluye tipificación de delitos y reglamentación procesal adecuada a su implantación. Su relación con la ley general es una de especie a género." D. Nevares Muñiz, *Derecho Penal Puertorriqueño*, Instituto para el Desarrollo, Inc., San Juan, 2005, pág. 140. Entre las leyes que se consideran de carácter especial, se encuentra la Ley de Sustancias Controladas. *Loc. cit*. Véase además, M. Osorio, *Diccionario de Ciencias Jurídicas, Políticas y Sociales*, Ed. Heliasta, Buenos Aires, 2004, pág. 544.

pena de reclusión por un término fijo de veinte (20) años. [. . .]

**Si cualquier persona comete tal violación después de una o más convicciones previas que sean firmes, por delito castigable bajo este párrafo, o por delito grave bajo cualquier disposición de este capítulo . . . dicha persona incurrirá en delito grave, y convicta que fuere, será sentenciada con pena de reclusión por un término fijo de treinta y cinco (35) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cincuenta (50) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de veinte (20) años.** (Énfasis nuestro.)

24 L.P.R.A. sec. 2401.

Como se desprende de lo reseñado hasta ahora, una misma conducta puede dar lugar a que se active la disposición de reincidencia del Código Penal así como también la de la Ley de Sustancias Controladas. En virtud de lo cual, unos mismos hechos son subsumibles en dos preceptos legales distintos, uno general y otro específico; lo que nos remite, como discutiremos más adelante, a la figura de concurso aparente de leyes.

De otra parte, la Ley Orgánica de la Administración de Corrección establece un régimen de bonificaciones en concepto de buena conducta, trabajo y estudios. Así, las personas convictas de delitos que se encuentren recluidas en una institución penal, son acreedoras a recibir tales beneficios siempre y cuando la ley no les excluya específicamente, y que cumplan con la reglamentación aplicable. A esos efectos, la ley establece lo siguiente:

Toda **persona sentenciada a cumplir término de reclusión** en cualquier institución . . . que observare buena conducta y asiduidad, **tendrá**

**derecho a las siguientes rebajas del término de su sentencia,** las cuales se computarán desde su admisión a la institución de que se trate . . .

[. . .]

**Se excluye de los abonos que establece esta sección toda convicción que haya dado lugar a una determinación de reincidencia agravada** o de reincidencia habitual conforme estecen los incisos (b) y (c) de la sec. 3302 del Título 33, convicción impuesta en defecto del pago de una multa **o aquella que daba cumplirse en años naturales.** (Énfasis nuestro.)

4 L.P.R.A. sec. 1161. La ley también provee abonos por trabajo o por razón de servicios excepcionalmente meritorios, sujeto a las mismas excepciones que se reseñaron previamente. 4 L.P.R.A. sec. 1162.

La peticionaria nos insiste que la sentencia que le fue impuesta es más onerosa de la que correspondía toda vez que no tiene derecho a bonificaciones bajo la disposición de reincidencia del Código Penal. Insiste además que el "tiempo adicional" que cumple en prisión está reñido con el principio de legalidad por configurar una pena adicional.

### III

De acuerdo con el anterior entramado legislativo, la peticionaria invocó el principio de especialidad del Art. 5 del Código Penal de 1974 como fundamento para su reclamo. Llanamente, ella sostiene que debió ser sentenciada bajo la disposición de reincidencia de la Ley de Sustancias Controladas por ser ésta la ley especial y no por la ley general, el Código Penal.

La controversia ante nuestra consideración nos remite necesariamente a un problema de concurso aparente de leyes

penales pues hay más de un precepto penal que concurre en su aplicación a un hecho delictivo y hay que determinar cuál es la disposición penal que aplica.  D. Nevares Muñiz, *Derecho Penal Puertorriqueño*, Instituto para el Desarrollo del Derecho, Inc., San Juan, 5ta ed., 2005, pág. 137.  El tratadista Jiménez de Asúa plantea que aun cuando frecuentemente es sencillo decidir cuál de las dos normas concurrentes del ordenamiento jurídico es la que aplica en un caso concreto:

> a veces[,] se presentan dificultades y **es preciso trazar reglas** para saber cuándo una disposición consciente o excluye la coetánea o sucesiva aplicación de la otra, respecto la misma situación de hecho.  **A esto se llama conflicto aparente de disposiciones penales, que no sólo se presenta en orden de tipos delictivos, sino en cuanto a los preceptos de la Parte general (una circunstancia agravante o atenuante, por ejemplo**).  (Énfasis nuestro.)

L. Jiménez de Asúa, *La ley y el delito*, Editorial Sudamericana, Buenos Aires, 13era ed., 1984, pág. 141.  De lo anterior se desprende que el concurso aparente de leyes no tan solo se da en referencia a los tipos, sino que cobija otras materias o asuntos, entre las cuales cabe destacar las penas.  La reincidencia como sabemos es un agravante de la pena.  *Íbid.*, págs. 534-535.  La profesora Nevares Muñiz nos explica también que la relación de especialidad se da no tan sólo entre una ley especial y otra general, sino también entre una disposición general y otra especial en una misma ley.[3]  Nevarez Muñiz, *op., cit.*, págs. 137-138.

---

[3] Sobre este tema véase, entre otros, L. E. Chiesa Aponte, *Derecho Penal Sustantivo*, Publicaciones JTS, San Juan, 2007,

Para enfrentarnos a este conflicto tenemos que recurrir al principio de especialidad el cual es, en rigor, **una regla de interpretación estatutaria** que toma en cuenta la relación de jerarquía en que se hallan las distintas normas que concurren en su aplicación a un hecho delictivo. Jiménez de Asúa, *op. cit.,* pág. 140. Véase además, Nevares Muñiz, *op. cit.*, pág. 136. En estos casos se aplica la ley especial bajo la máxima *lex specilais derogat legi genereali*, pues se parte del supuesto que la finalidad de una regulación especial es excluir o desplazar la general. Y es que así tiene que ser pues quien realiza el tipo específico siempre consuma el genérico, mientras que a la inversa no sucede lo contrario.

El Art. 5 del Código Penal[4] recogía este principio en su segundo párrafo al disponer allí lo siguiente:

> Las disposiciones de la Parte General del presente Código se aplicarán también a los hechos previstos por las leyes penales especiales.
>
> **Si la misma materia fuera prevista por una ley o disposición especial y por una ley o disposición de carácter general, se aplicará la ley especial en**

---

págs. 71-72; F. Muñoz Conde, M. García Arán, *Derecho Penal, Parte general*, Tirant Lo Blanch, Valencia, 6ta ed., 2004, págs. 466-468; S. Mir Puig, *Derecho Penal, Parte general*, Barcelona, 5ta ed., 1998, pág. 678, n.° 69; E. Bacigalupo, *Derecho Penal, Parte general*, Ed. Hammurabi, Buenos Aires, 1999, pág. 572; H. Silving, *Elementos constitutivos del delito*, Ed. U.P.R., Río Piedras, 1976, págs. 65-70.

[4] El Art. 12(a) del Código Penal de 2004 regula el principio de especialidad bajo términos muy similares al dispuesto en el Art. 5 del Código Penal de 1974. Véase, D. Nevares Muñiz, *Nuevo Código Penal de Puerto Rico*, Instituto para el Desarrollo del Derecho, Inc., San Juan, 2004, págs. 12-14.

**cuanto no se establezca lo contrario.** (Énfasis nuestro.)[5]

No hay duda que este texto es claro. Del mismo se desprende que después que **una materia**, en este caso la reincidencia, esté provista en una ley especial y una general, se aplicará la primera y no la segunda. Así, bajo nuestro ordenamiento, el principio de especialidad nos sirve de regla de interpretación para ordenar la aplicación del tipo correspondiente, como también los agravantes de la pena. Véase, nota 5, *supra*. Véase además, *Pueblo v. López Pérez*, 106 D.P.R. 584-586 (1977). Ante el texto claro de la ley no tenemos facultad para menospreciar su letra. *Pueblo v. Ortega Santiago*, 125 D.P.R. 203, 214 (1990).

Por otro lado, el primer párrafo de este articulado permite la aplicación de la parte general del Código Penal a una conducta regulada por una ley especial. Ello será así, **siempre y cuando la aplicación de la parte general no sea**

---

[5] En el pasado hemos abordado el tema del Art. 5 del Código Penal y el principio de especialidad, solo en un número limitado de ocasiones. Por ejemplo, para determinar si aplicaba el delito de apropiación ilegal agravada del Código Penal de 1974 --ley general--, o la conducta tipificada en el Art. 7-A de la Ley de Instituciones Hipotecarias, la ley especial. *Pueblo v. Mena Peraza,* 113 D.P.R. 275 (1982). O en el contexto de dos leyes especiales, la Ley de Caza frente a la Ley de Armas; considerándose la primera más especial que la segunda. *Pueblo v. López Pérez,* 106 D.P.R. 584 (1977). También para dilucidar si aplicaba a una situación el Art. 34 del Código Político que provee un mecanismo independiente para que la Rama Legislativa pueda iniciar acciones criminales por el delito de perjurio y el Art. 225 del Código Penal de 1974 que definía el delito de perjurio. *Pueblo v. Pérez Casillas,* 117 D.P.R. 380 (1986). Y, finalmente, entre apropiación ilegal de bienes públicos (Art. 169 del Código Penal de 1974) e interferencia fraudulenta con contadores (Art. 166 del Código Penal de 1974). *Pueblo v. Calderón Álvarez,* 140 D.P.R. 627 (1996).

**contraria o esté en conflicto con la ley especial**. La parte general del Código Penal aplicará a una situación regulada por una ley especial cuando ello sea necesario para suplir alguna laguna de esta última, sujeto claro está a los principios generales del Derecho penal.

Apliquemos entonces el esquema normativo que nos sirve de trasfondo a la controversia concreta de este caso.

## IV

La peticionaria invocó el principio de especialidad para cuestionar la aplicación del agravante de reincidencia del Código Penal, a pesar que la ley especial contiene también una disposición que atiende el problema de la reincidencia. Tiene razón en su planteamiento. La doctrina penal recogida en el Art. 5 reconoce que cuando el comportamiento de un sujeto contradice varias normas jurídicas —una especial y la otra general— procede aplicar la primera a la conducta prohibida. Tal es el caso aquí.

No hay duda que la Ley de Sentencias Controladas es una ley especial donde se dispone que cierta conducta —e.*g.,* incurrir en una violación del Art. 401 de la referida ley y tener dos o mas convicciones anteriores por delitos graves bajo la referida ley— enerva la disposición de reincidencia de dicha ley. El Código Penal contiene a su vez, una disposición "genérica" de reincidencia que penaliza en tal grado a la persona que ha incurrido en delito grave y tiene dos o más convicciones previas por delito grave, sin importar el estatuto violado. Art. 61 del Código Penal. La conducta

de la peticionaria activó ambas disposiciones de reincidencia. "El conflicto se resuelve en tales casos, en ausencia de determinación legislativa expresa de otra índole, mediante el principio de la especialidad, el cual establece que en circunstancias de esta naturaleza la disposición especial es la aplicable." *Pueblo v. López Pérez, supra*, pág. 586. Es evidente que rige aquí el principio de especialidad, pues no hay disposición legal alguna que compela la utilización del Código Penal.

Concluimos por lo tanto que en situaciones como la de autos, donde unos hechos plantean un conflicto entre la disposición de reincidencia del Código Penal y la de la Ley de Sustancias Controladas, procede aplicar por mandato expreso del Art. 5 lo dispuesto en la ley especial. La disposición de reincidencia del Art. 401 del la Ley de Sustancias Controladas aplica con exclusividad cuando todos los delitos previos por los cuales se alegue la reincidencia sean delitos graves bajo esta ley o cualquier ley de los Estados Unidos relacionada con drogas narcóticas, desplazando, en virtud del principio de especialidad, las disposiciones de reincidencia del Código Penal de 1974. La peticionaria debió haber sido sentenciada originalmente aplicando las disposiciones de la ley especial.

La posición del Procurador General que la sentencia impuesta es válida porque la misma está dentro de los parámetros de lo que dispone la ley especial, es insostenible. La postura asumida por el Estado, es en el

sentido que poco importa bajo qué precepto jurídico se impone la pena, pues lo importante a fin de cuentas es que el término fijado esté dentro de los parámetros que provee la norma jurídica que verdaderamente aplique en una situación concreta.   No podemos avalar esta postura que hace del principio de legalidad letra muerta.   Como poco, soslaya el hecho que la sentencia en reincidencia bajo el Código Penal, por disposición expresa de ley, no cualifica para bonificaciones por lo cual en términos prácticos es más onerosa que una sentencia impuesta bajo la Ley de Sustancias Controladas.   Véase, *Pueblo v. Pizarro Solís*, 129 D.P.R. 911 (1992).   Además, y como dijimos, ello es contrario al principio de legalidad el cual no tan sólo limita las prerrogativas del Estado de procesar criminalmente a un ciudadano por actos que no están prohibidos por ley, sino que también proscribe la imposición de penas cuando la ley no las autoriza.   Art. 8 del Código Penal de 1974.

La propuesta del Procurador General acogida por el foro apelativo intermedio tiene como resultado agudizar la pena impuesta por violar la ley de Sustancias Controladas.   Si bien es cierto, como indica el Procurador General, que en virtud del primer párrafo del Art. 5 la parte general del Código le aplica a las leyes especiales y que allí se indica que las sentencias se imponen en años y se define lo que es un año, ello no quiere decir que se puede ordenar que la sentencia se cumpla en años naturales y sin bonificaciones, **cuando la ley especial no lo autoriza expresamente**.   Sostener

lo contrario sería reconocerle autoridad a los tribunales para imponer una sentencia más onerosa de lo que la ley permite. Ello es lo que conlleva imponer una sentencia en años naturales frente a una que no contiene tal mandato. Cuando el legislador ha querido que la sentencia se cumpla en años naturales así lo ha dispuesto expresamente.[6]

En *Pueblo v. Pizarro Solís, supra*, pág. 927-928, reconocimos, al expresarnos sobre el sistema de bonificaciones dispuesto en la Ley de la Administración de Corrección y como éstas incidían sobre el cumplimiento de las sentencias, que **constituye una pena adicional** que viola el principio de legalidad no concederle a la persona sentenciada las bonificaciones a que tiene derecho bajo la ley. Así también viola el principio de legalidad concluir que un juez tiene autoridad para ordenar el cumplimiento de la pena en años naturales cuando la ley bajo la cual se condena guarda silencio sobre cómo se cumple, pues ello agrava la pena al tener que cumplir tiempo adicional. **La certeza en la pena es presupuesto de legalidad.** *Pueblo v. Martínez Yanzanis*, 142 D.P.R. 871, 879 (1997).

---

[6] Llamamos la atención a que el Código Penal de 2004 dispone expresamente para que las sentencias allí dispuestas se cumplan en años naturales. Véase, Art. 66 del Código Penal de 2004. Y la Ley Núm. 137 del 3 de julio de 2004 enmendó varias de las disposiciones de la Ley de Armas de Puerto Rico para que las penas de dichos delitos se cumplan, a partir de su vigencia, en años naturales.

**V**

Recapitulando, el principio de especialidad exige que la pena en reincidencia impuesta a la peticionaria fuera la provista en la Ley de Sustancias Controladas y no la del Código Penal de 1974. La Regla 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 192.1, autoriza al tribunal que impuso la sentencia a anularla, dejarla sin efecto, o corregirla, cuando la misma fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o cuando la sentencia impuesta excede la pena prescrita por ley. Cuando ello ocurre, el tribunal sentenciador está facultado para, entre otras cosas, resentenciar a la persona. Véase entre otros, *Pueblo v. Ortiz Courvertier*, 132 D.P.R. 883, 894 (1993); *Pueblo v. Marcano Parrilla*, 152 D.P.R. 557, 569 (2000); *U.P.R. v. Merced Sosa*, 102 D.P.R. 512, 514 (1974). En atención a lo anterior, forzoso es concluir que erró el Tribunal de Primera Instancia al no atender la moción instada por la peticionaria desestimando la misma; como también lo fue la determinación del foro apelativo intermedio.

Procede entonces dictar sentencia revocando las determinaciones de los foros inferiores y devolver el caso al Tribunal de Primera Instancia para que celebre una vista y proceda a resentenciar a la peticionaria. En virtud de la Regla 185 de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 185, se descontará totalmente del término de prisión que deba cumplir la peticionaria bajo la sentencia

que se le impondrá, el tiempo que hasta ahora ha cumplido bajo la sentencia que le fuera impuesta originalmente.

Se dictará sentencia de conformidad.


Anabelle Rodríguez Rodríguez
Juez Asocida

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

      v.

                          CC-2004-968

Myrna Ramos Rivas

    Peticionaria

SENTENCIA

San Juan, Puerto Rico, a 29 de junio de 2007

Por los fundamentos expresados en la Opinión que antecede los cuales se incorporan íntegramente a la presente, se dicta sentencia revocando las determinaciones de los foros inferiores y se devuelve el caso al Tribunal de Primera Instancia para que celebre una vista y proceda a resentenciar a la peticionaria. En virtud de la Regla 185 de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 185, se descontará totalmente del término de prisión que deba cumplir la peticionaria bajo la sentencia que se le impondrá, el tiempo que hasta ahora ha cumplido bajo la sentencia que le fuera impuesta originalmente

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta concurre en el resultado sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo