La Juez Asociada Señora Rodríguez Rodríguez
emitió la opinión del Tribunal.
Nos corresponde determinar si una persona que ha sido convicta en distintas ocasiones por violaciones a la Ley de Sustancias Controladas de Puerto Rico (Ley de Sustancias Controladas) debe ser sentenciada en grado de reincidencia, según las disposiciones del Código Penal del Estado Libre Asociado de Puerto Rico de 1974 (Código Penal) o según la disposición de reincidencia de la Ley de Sustancias Controladas.
I
Los hechos de este caso son relativamente sencillos y no hay controversia alguna sobre éstos. Pasemos a resumirlos.
La peticionaria fue acusada en marzo de 1995 de posesión con intención de distribuir cocaína, lo que configura una violación al Art. 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. see. 2401, Ley Núm. 4 de 23 de junio de 1971 (24 L.P.R.A. see. 2401 et seq.). Ésta hizo alegación de culpabilidad por violación al Art. 406 de la Ley de Sustan *830 cias Controladas, 24 L.P.R.A. sec. 2406.(1) El Ministerio Público había alegado como agravante, inicialmente, la reincidencia habitual. Posteriormente, y por motivo de la declaración de culpabilidad, enmendó la alegación de reincidencia a una alegación de reincidencia agravada de acuerdo con lo provisto en el Código Penal. La alegación de reincidencia obedeció a que la peticionaria había sido convicta en dos ocasiones anteriores por violaciones al Art. 404 de la Ley de Sustancias Controladas, 24 L.P.R.A. see. 2404, posesión de sustancias controladas. El tribunal le impuso una pena de reclusión de veinte años naturales conforme lo establece el Código Penal para la reincidencia agravada. Véase Art. 62 del Código Penal, 33 L.P.R.A. see. 3302.
Años mas tarde, en 2004, la peticionaria compareció ante el tribunal sentenciador mediante una moción al amparo de las Reglas 185 y 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, donde indicó que la sentencia impuesta era ilegal. Señaló que fue erróneo imponerle una sentencia en grado de reincidencia según las disposiciones del Código Penal. Esto, toda vez que sus convicciones previas habían sido por violar la Ley de Sustancias Controladas, por lo que correspondía aplicar la disposición de reincidencia de dicha ley. Véase 24 L.P.R.A. see. 2401. Indicó que el principio de especialidad recogido en el Art. 5 del Código Penal, 33 L.P.R.A. see. 3005, exigía la aplicación de las disposiciones de una ley especial sobre las de la ley general, lo que no ocurrió en su caso. Argüyó, además, que según la Ley de Sustancias Controladas, la sentencia impuesta cualifica para las bonificaciones que se establecen en la Ley Orgánica de la Administración de Corrección, 4 L.P.R.A. sees. 1161-1163. Por el contrario, una sentencia en reincidencia según el Código Penal no cualifica para tal beneficio por *831 disposición expresa de la ley. En vista de ello, la sentencia que cumple es a todas luces más onerosa de lo que debería ser.
Así las cosas, el foro primario le ordenó al Ministerio Público a que se expresara sobre la solicitud de la señora Ramos Rivas. Sin embargo, el Ministerio Público no compareció. El Tribunal de Primera Instancia proveyó “no ha lugar” a la solicitud de la peticionaria, sin más.
Inconforme, la señora Ramos Rivas acudió ante el Tribunal de Apelaciones cuestionando, primero, que no se celebrara una vista para discutir la moción presentada y, segundo, que no se acogiera su planteamiento respecto a la ilegalidad de la sentencia impuesta según el Código Penal. El 26 de agosto de 2004, el foro apelativo dictó una resolución para negarse a expedir el auto solicitado. En ella indicó, acogiendo un planteamiento del Procurador General, que la sentencia impugnada “es válida por estar dentro de los parámetros de la pena provistos para la reincidencia especial”. Apéndice de la Petición de certiorari, pág. 17. Dispuso, además, que no era necesaria la celebración de una vista, por lo que no erró el foro primario al emitir su resolución en este caso.
En desacuerdo nuevamente, la peticionaria acudió ante este Tribunal esgrimiendo los mismos fundamentos que había argumentado ante el foro apelativo intermedio. Inicialmente, nos negamos a expedir el auto solicitado; pero, luego de una segunda reconsideración, expedimos. Las partes han comparecido, por lo que estamos en posición de resolver y pasamos a así hacerlo.
II
A. En esencia, la peticionaria argüyó ante nosotros —como lo ha hecho ante los foros inferiores— que por exigencia del principio de especialidad, la sentencia con agravante que le fue impuesta es ilegal, ya que se le sentenció según lo dispuesto en el Código Penal y no por la ley espe *832 cial, como correspondía. Ello, como ya dijimos, resulta en una pena más onerosa en la medida de que no cualifica para bonificaciones. Señaló, también, que el término adicional que tiene que cumplir se torna en una “pena adicional” contrario al principio de legalidad.
El Procurador General incorporó los planteamientos de su ponencia ante el Tribunal de Apelaciones, donde había argüido que “la sentencia impugnada es válida por estar dentro de los parámetros de la pena provistos para la reincidencia especial ... [y] el que la sentencia haya sido impuesta en años naturales no implica que ésta esté fuera de los parámetros de la ley especial, toda vez que resulta válido imponer un sentencia en años naturales bajo el Art. 401”. Apéndice de la Petición de certiorari, pág. 33. En su escrito ante este tribunal argüyó que, de ser correcto el planteamiento de la peticionaria, lo que procedería era la devolución del caso al foro de instancia para que la peticionaria fuera sentenciada nuevamente; no meramente —como ella arguye— que se elimine de la sentencia el mandato de que ésta se cumpla en años naturales.
Así descrita, la controversia ante nuestra consideración plantea fundamentalmente un problema de interpretación estatutaria en el campo penal. Con ello en mente, pasemos entonces a auscultar los señalamientos traídos a nuestra atención, comenzando con un resumen de algunas de las disposiciones estatutarias involucradas.
B. Como indicamos inicialmente, la peticionaria fue acusada de violar el Art. 401 de la Ley de Sustancias Controladas, supra, e hizo alegación de culpabilidad por violación al citado Art. 406 que remite, en lo que respecta a la imposición de la pena, al Art. 401, supra. El Ministerio Fiscal alegó reincidencia agravada, según las disposiciones de los Arts. 61 y 62 del Código Penal, supra, y el Tribunal de Primera Instancia dictó sentencia de veinte años naturales, como ordena el Código Penal.
El Art. 61 del Código Penal, 33 L.P.R.A. see. 3301, establecía los grados de la reincidencia y las normas para *833 su determinación. En tal sentido, éste enumeraba tres tipos de reincidencia: la simple, la agravada y la habitual. Aquí nos ocupa la reincidencia agravada. Ésta ocurre cuando “el que ha sido convicto anteriormente por dos o más delitos graves cometidos en tiempos diversos e independientes unos de otros incurre nuevamente en otro delito grave”. Art. 61(a)(2) del Código Penal, 33 L.P.R.A. see. 3301(a)(2).
Por otro lado, el Art. 62 del Código Penal, supra, disponía que un convicto de reincidencia agravada sería sentenciado “a pena fija de veinte (20) años naturales o al doble de la pena fija dispuesta por ley para el delito cometido con circunstancias agravantes, la que resulte mayor. En cualquier caso la pena será fijada en años naturales”. (Énfasis nuestro.)
La Ley de Sustancias Controladas, por su parte, es una legislación especial que comprende todo lo relativo a la fabricación, distribución y “dispensación” de sustancias controladas en Puerto Rico.(2) La ley enumera también cierta conducta prohibida constitutiva de delito y provee específicamente para la pena que se ha de imponer de incurrir en la conducta prohibida. Ésta refleja el criterio del legislador sobre cuál deba ser la política pública prevaleciente para enfrentar el problema de la “drogadicción” y el tráfico ilegal de drogas en Puerto Rico.
En tal rigor, el Art. 401 de la ley, supra, no tan sólo tipifica la conducta grave proscrita —la posesión de una sustancia controlada con intención de distribuirla— sino también provee para la pena a imponerse por incurrir *834 en ésta. Allí se especifica cuál será la pena para un primer ofensor como también para quiénes repetidamente incurren en la conducta prohibida. Es decir, en el Art. 401, supra, el legislador no sólo plasmó el desvalor de la conducta, sino que procuró incluir, además, una serie de guías detalladas para sentenciar a los reincidentes por violaciones a esta ley. A esos efectos, en lo que concierne al caso, donde la peticionaria se declaró culpable de tentativa de poseer con intención de distribuir cocaína, el artículo dis-pone lo siguiente:
... [T]oda persona que viole lo dispuesto por el inciso (a) de esta sección ... incurrirá en delito grave y, convicta que fuere será sentenciada con pena de reclusión por un término fijo de veinte (20) años. ...
Si cualquier persona comete tal violación después de una o más convicciones previas, que sean firmes, por delito castigable bajo este párrafo, o por delito grave bajo cualquier disposición de este capítulo ... dicha persona incurrirá en delito grave y, convicta que fuere, será sentenciada con pena de reclusión por un término fijo de treinta y cinco (35) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cincuenta (50) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de veinte (20) años. (Enfasis nuestro.) Id.
Como se desprende de lo reseñado hasta ahora, una misma conducta puede dar lugar a que se active la disposición de reincidencia del Código Penal, así como de la Ley de Sustancias Controladas. En virtud de lo cual, unos mismos hechos son subsumibles en dos preceptos legales distintos, uno general y otro específico. Esto nos remite, como discutiremos más adelante, a la figura de concurso aparente de leyes.
De otra parte, la Ley Orgánica de la Administración de Corrección establece un régimen de bonificaciones en concepto de buena conducta, trabajo y estudios. Así, las personas convictas por delitos que se encuentren recluidas en una institución penal son acreedoras a recibir tales beneficios siempre y cuando la ley no les excluya específica *835 mente y cumplan con la reglamentación aplicable. A esos efectos, la ley establece lo siguiente:
Toda persona sentenciada a cumplir término de reclusión en cualquier institución ... que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la institución de que se trate. ...
Se excluye de los abonos que establece esta sección toda convicción la que haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual conforme estecen los incisos (b) y (c) de la see. 3302 del Título 33, convicción impuesta en defecto del pago de una multa o aquella que daba cumplirse en años naturales. (Enfasis nuestro.) 4 L.P.R.A. see. 1161.
La ley también provee abonos por trabajo o por razón de servicios excepcionalmente meritorios, sujeto a las mismas excepciones que se reseñaron previamente. 4 L.P.R.A. see. 1162.
La peticionaria nos insiste en que la sentencia que le fue impuesta es más onerosa de la que correspondía, toda vez que no tiene derecho a las bonificaciones según la disposición de reincidencia del Código Penal. Insiste además en que el “tiempo adicional” que cumple en prisión está reñido con el principio de legalidad por configurar una pena adicional.
III
De acuerdo con el anterior entramado legislativo, la peticionaria invocó el principio de especialidad del Art. 5 del Código Penal, supra, como fundamento para su reclamo. Llanamente, ella sostiene que debió ser sentenciada según la disposición de reincidencia de la Ley de Sustancias Controladas, por ser ésta la ley especial y no por la ley general, el Código Penal.
La controversia ante nuestra consideración nos remite necesariamente a un problema de concurso apa *836 rente de leyes penales, pues hay más de un precepto penal que concurre en su aplicación a un hecho delictivo y hay que determinar cuál es la disposición penal que aplica. D. Nevares-Muñiz, Derecho Penal Puertorriqueño, 5ta ed., San Juan, Ed. Inst. Desarrollo del Derecho, 2005, pág. 137. El tratadista Jiménez de Asúa plantea que, aun cuando frecuentemente es sencillo decidir cuál de las dos normas concurrentes del ordenamiento jurídico es la que aplica en un caso concreto:
... a veces [,] se presentan dificultades y es preciso trazar reglas para saber cuándo una disposición consciente o excluye la coetánea o sucesiva aplicación de la otra, respecto la misma situación de hecho. A esto se llama conflicto aparente de disposiciones penales, que no sólo se presenta en orden de tipos delictivos, sino en cuanto a los preceptos de la Parte general (una circunstancia agravante o atenuante, por ejemplo). (Enfasis nuestro.) L. Jiménez de Asúa, La Ley y el Delito, 13ra ed., Buenos Aires, Ed. Sudamericana, 1984, pág. 141.
De lo anterior se desprende que el concurso aparente de leyes no tan sólo se da en referencia a los tipos, sino que cobija otras materias o asuntos, entre las cuales cabe destacar las penas. La reincidencia, como sabemos, es un agravante de la pena. Jiménez de Asúa, op. cit., págs. 534-535. La profesora Nevares-Muñiz nos explica también que la relación de especialidad se da no tan sólo entre una ley especial y otra general, sino también entre una disposición general y otra especial en una misma ley.(3) Nevares-Muñiz, op. cit., págs. 137-138.
Para enfrentarnos a este conflicto tenemos que recurrir al principio de especialidad. Este es, en rigor, una regla de interpretación estatutaria que toma en cuenta la relación de jerarquía en que se hallan las distintas normas *837 que concurren en su aplicación a un hecho delictivo. Jiménez de Asúa, op. cit., pág. 140. Véase, además, Nevares-Muñiz, op. cit., pág. 136. En estos casos se aplica la ley especial, según la máxima lex specilais derogat legi genereali, pues se parte del supuesto de que la finalidad de una regulación especial es excluir o desplazar la general. Y es que así tiene que ser, pues quien realiza el tipo específico siempre consuma el genérico, mientras que a la inversa no sucede lo contrario.
El Art. 5 del Código Penal, supra,(4) recogía este principio en su segundo párrafo al disponer allí lo siguiente:
Las disposiciones de la Parte General del presente Código se aplicarán también a los hechos previstos por las leyes penales especiales.
Si la misma materia fuera prevista por una ley o disposición especial y por una ley o disposición de carácter general, se aplicará la ley especial en cuanto no se establezca lo contrario. (Enfasis nuestro.)(5)
No hay duda de que este texto es claro. De éste se desprende que cuando una materia, en este caso la reincidencia, esté provista en una ley especial y una general, se *838 aplicará la primera y no la segunda. Así, según nuestro ordenamiento, el principio de especialidad nos sirve de regla de interpretación para ordenar la aplicación del tipo correspondiente, como también los agravantes de la pena. Véase esc. 5. Véase, además, Pueblo v. López Pérez, 106 D.P.R. 584, 586 (1977). Ante el texto claro de la ley, no tenemos la facultad para menospreciar su letra. Pueblo v. Ortega Santiago, 125 D.P.R. 203, 214 (1990).
Por otro lado, el primer párrafo de este articulado per-mite la aplicación de la parte general del Código Penal a una conducta regulada por una ley especial. Ello será así, siempre y cuando la aplicación de la parte general no sea contraria o esté en conflicto con la ley especial. La parte general del Código Penal aplicará a una situación regulada por una ley especial cuando sea necesario para suplir alguna laguna de esta última sujeto, claro está, a los principios generales del derecho penal.
Apliquemos entonces el esquema normativo que nos sirve de trasfondo a la controversia concreta de este caso.
IV
La peticionaria invocó el principio de especialidad para cuestionar la aplicación del agravante de reincidencia del Código Penal, a pesar que la ley especial contiene también una disposición que atiende el problema de la reincidencia. Tiene razón en su planteamiento. La doctrina penal recogida en el Art. 5 del Código Penal, supra, reconoce que cuando el comportamiento de un sujeto contradice varias normas jurídicas —una especial y la otra general— pro-cede aplicar la primera a la conducta prohibida. Tal es el caso aquí.
No hay duda de que la Ley de Sustancias Controladas es una ley especial donde se dispone que cierta conducta —e.g., incurrir en una violación del Art. 401 de la referida ley y tener dos o mas convicciones anteriores por delitos graves según esta ley— enerva la disposición de reincidencia de la ley. El Código Penal contiene, a su vez, una dis *839 posición “genérica” de reincidencia que penaliza en tal grado a la persona que ha incurrido en delito grave y tiene dos o más convicciones previas por delito grave, sin importar el estatuto violado. Art. 61 del Código Penal, supra. La conducta de la peticionaria activó ambas disposiciones de reincidencia. “El conflicto se resuelve, en tales casos, en ausencia de determinación legislativa expresa de otra índole, mediante el principio de la especialidad, el cual establece que en circunstancias de esta naturaleza la disposición especial es la aplicable”. Pueblo v. López Pérez, supra, pág. 586. Es evidente que rige aquí el principio de especialidad, pues no hay disposición legal alguna que compela la utilización del Código Penal.
Concluimos, por lo tanto, que en situaciones como la de autos, donde unos hechos plantean un conflicto entre la disposición de reincidencia del Código Penal y la de la Ley de Sustancias Controladas, procede aplicar por mandato expreso del Art. 5 del Código Penal, supra, lo dispuesto en la ley especial. La disposición de reincidencia del Art. 401 de la Ley de Sustancias Controladas, supra, aplica con ex-clusividad cuando todos los delitos previos por los cuales se alegue la reincidencia sean delitos graves según esta ley o cualquier ley de Estados Unidos relacionada con drogas narcóticas, desplazando, en virtud del principio de especialidad, las disposiciones de reincidencia del Código Penal. La peticionaria debió haber sido sentenciada originalmente, aplicando las disposiciones de la ley especial.
La posición del Procurador General de que la sentencia impuesta es válida porque está dentro de los parámetros de lo que dispone la ley especial, es insostenible. La postura asumida por el Estado es en el sentido de que poco importa según qué precepto jurídico se impone la pena, pues lo importante a fin de cuentas es que el término fijado esté dentro de los parámetros que provee la norma jurídica que verdaderamente aplique en una situación concreta. No podemos avalar esta postura que hace del principio de legalidad letra muerta. Como poco, soslaya el hecho de que *840 la sentencia en reincidencia según el Código Penal, por disposición expresa de ley, no cualifica para bonificaciones; por lo cual, en términos prácticos es más onerosa que una sentencia impuesta según la Ley de Sustancias Controladas. Véase Pueblo v. Pizarro Solís, 129 D.P.R. 911 (1992). Además, y como dijimos, ello es contrario al principio de legalidad, el cual no tan sólo limita las prerrogativas del Estado de procesar criminalmente a un ciudadano por actos que no están prohibidos por ley, sino que también proscribe la imposición de penas cuando la ley no las autoriza. Art. 8 del Código Penal, 33 L.P.R.A. sec. 3031.
La propuesta del Procurador General acogida por el foro apelativo intermedio tiene como resultado agudizar la pena impuesta por violar la Ley de Sustancias Controladas. El Procurador General indica acertadamente que en virtud del primer párrafo del Art. 5, supra, la parte general del Código Penal le aplica a las leyes especiales y que allí se indica que las sentencias se imponen en años y se define lo que es un año. Ello no quiere decir que se puede ordenar que la sentencia se cumpla en años naturales y sin bonificaciones, cuando la ley especial no lo autoriza expresamente. Sostener lo contrario sería reconocerle autoridad a los tribunales para imponer una sentencia más onerosa de lo que la ley permite. Ello es lo que conlleva imponer una sentencia en años naturales frente a una que no contiene tal mandato. Cuando el legislador ha querido que la sentencia se cumpla en años naturales, así lo ha dispuesto expresamente.(6)
En Pueblo v. Pizarro Solís, supra, págs. 927-928, reconocimos, al expresarnos sobre el sistema de bonificaciones dispuesto en la Ley de la Administración de Corrección y cómo éstas incidían sobre el cumplimiento de las *841 sentencias, que constituye una pena adicional que viola el principio de legalidad no concederle a la persona sentenciada las bonificaciones a las que tiene derecho según la ley. Así también se viola el principio de la legalidad al concluir que un juez tiene la autoridad para ordenar el cumplimiento de la pena en años naturales cuando la ley, según la cual se condena, guarda silencio sobre cómo se cumple, pues ello agrava la pena al tener que cumplir tiempo adicional. La certeza en la pena es presupuesto de legalidad. Pueblo v. Martínez Yanzanis, 142 D.P.R. 871, 879 (1997).
V
Recapitulando, el principio de especialidad exige que la pena en reincidencia impuesta a la peticionaria fuera la provista en la Ley de Sustancias Controladas y no la del Código Penal de 1974. La Regla 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, autoriza al tribunal que impuso la sentencia a anularla, dejarla sin efecto o corregirla, cuando fue impuesta en violación de la Constitución o de las leyes del Estado Libre Asociado de Puerto Rico, o cuando la sentencia impuesta excede la pena prescrita por ley. Cuando ello ocurre, el tribunal sentenciador está facultado para, entre otras cosas, sentenciar de nuevo a la persona. Véanse, entre otros: Pueblo v. Marcano Parrilla, 152 D.P.R. 557, 569 (2000); Pueblo v. Ortiz Couvertier, 132 D.P.R. 883, 894 (1993); U.P.R. v. Merced Sosa, 102 D.P.R. 512, 514 (1974). En atención a lo anterior, es forzoso concluir que erró el Tribunal de Primera Instancia al no atender la moción instada por la peticionaria desestimándola; como también lo fue la determinación del foro apelativo intermedio.
Procede entonces dictar sentencia revocando las determinaciones de los foros inferiores y devolver el caso al Tribunal de Primera Instancia para que celebre una vista y proceda a sentenciar nuevamente a la peticionaria. En virtud de la Regla 185 de Procedimiento Criminal, 34 L.P.R.A. *842 Ap. II, se descontará totalmente del término de prisión que deba cumplir la peticionaria, según la sentencia que se le impondrá, el tiempo que hasta ahora ha cumplido de la sentencia que le fuera impuesta originalmente.

Se dictará sentencia de conformidad.

La Jueza Asociada Señora Fiol Matta concurrió con el resultado sin opinión escrita.

 El Art. 406 de la Ley de Sustancias Controladas de Puerto Rico (Ley de Sustancias Controladas), 24 L.P.R.A. sec. 2406, penaliza las tentativas o la conspiración para cometer cualquiera de los delitos tipificados en la ley. El artículo se refiere a los delitos bases, cuya tentativa o conspiración se cometió para la imposición de la sentencia. En vista de lo cual, en este caso debemos referirnos al Art. 401 (24 L.P.R.A. sec. 2401) en lo que se refiere a la pena impuesta.

 La profesora Nevares-Muñiz, define ley especial como “aqu[e]lla que se refiere a determinada categoría de personas, bienes, cosas, relaciones jurídicas, o delitos. La misma opera sobre un objeto o sujeto determinado y tiene un propósito particular. Incluye tipificación de delitos y reglamentación procesal adecuada a su implantación. Su relación con la ley general es una de especie a género”. D. Nevares-Muñiz, Derecho Penal Puertorriqueño, 5ta ed. rev., San Juan, Ed. Inst. Desarrollo del Derecho, 2005, pág. 140. Entre las leyes que se consideran de carácter especial se encuentra la Ley de Sustancias Controladas. Véase, además, M. Osorio, Diccionario de ciencias jurídicas, políticas y sociales, 3ra ed., Buenos Aires, Ed. Heliasta, 2004, pág. 544.

 Sobre este tema véase, entre otros, E.L. Chiesa Aponte, Derecho Penal Sustantivo, San Juan, Pubs. JTS, 2007, págs. 71-72; F. Muñoz Conde y M. García Arán, Derecho Penal: Parte General, 6ta ed., Valencia, Ed. Tirant lo Blanch, 2004, págs. 466—468; S. Mir Puig, Derecho Penal: Parte General, 5ta ed., Barcelona, 1998, pág. 678 esc. 69; E. Bacigalupo, Derecho Penal: Parte General, Buenos Aires, Ed. Hammurabi, 1999, pág. 572; H. Silving, Elementos Constitutivos del Delito, Río Piedras, Ed. U.P.R., 1976, págs. 65-70.

 El Art. 12(a) del Código Penal del Estado Libre Asociado de Puerto Rico —de 2004— 33 L.P.R.A. see. 4640, regula el principio de especialidad por términos muy similares al dispuesto en el Art. 5 del Código Penal del Estado Libre Asociado de Puerto Rico de 1974 (Código Penal), 33 L.P.R.A. see. 3005. Véase Nevares-Muñiz, op. cit., págs. 12-14.

 En el pasado hemos abordado el tema del Art. 5 del Código Penal, supra, y el principio de especialidad, sólo en un número limitado de ocasiones. Por ejemplo, para determinar si aplicaba el delito de la apropiación ilegal agravada del Código Penal —ley general— o la conducta tipificada en el Art. 7A de la Ley de Instituciones Hipotecarias, 7 L.P.R.A. sec. 1057a, la ley especial. Pueblo v. Mena Peraza, 113 D.P.R. 275 (1982). Asimismo, en el contexto de dos leyes especiales, la Ley de Caza frente a la Ley de Armas de Puerto Rico, considerándose la primera más especial que la segunda. Pueblo v. López Pérez, 106 D.P.R. 584 (1977). También, para dilucidar si aplicaba a una situación el Art. 34 del Código Político, 2 L.P.R.A. see. 154, que provee un mecanismo independiente para que la Rama Legislativa pueda iniciar acciones criminales por el delito de peijurio y el Art. 225 del Código Penal, 33 L.P.R.A. sec. 4421, que definía el delito de peijurio. Pueblo v. Pérez Casillas, 117 D.P.R. 380 (1986). Y, finalmente, entre apropiación ilegal de bienes públicos (Art. 166 del Código Penal, 33 L.P.R.A. sec. 4272) e interferencia fraudulenta con contadores (Art. 169 del Código Penal, 33 L.P.R.A. sec. 4275). Pueblo v. Calderón Álvarez, 140 D.P.R. 627 (1996).

 Llamamos la atención a que el Código Penal de 2004 dispone expresamente para que las sentencias allí dispuestas se cumplan en años naturales. Véase el Art. 66 del Código Penal del Estado Libre Asociado de Puerto Rico, 33 L.P.R.A. sec. 4694. La Ley Núm. 137 de 3 de julio de 2004 enmendó varias de las disposiciones de la Ley de Armas de Puerto Rico para que las penas de dichos delitos se cumplan, a partir de su vigencia, en años naturales.